# EXHIBIT 2

## STATE COURT PLEADINGS

| TAB NUMBER | PLEADING | DATE |
|:---:|:---|:---|
| 1 | Docket from Gwinnett Superior as of December 15, 2016 | |
| 2 | Docket Entry 2, Complaint | 10/14/16 |
| 3 | Docket Entry 3, Civil Case Filing Form | 10/14/16 |
| 4 | Docket Entry 4, Entry of Service (The McBurney Corporation) | 10/18/16 |
| 5 | Docket Entry 5, Summons | 10/31/16 |
| 6 | Docket Entry 6, Joint Stipulation | 11/17/16 |
| 7 | Docket Entry 7, Entry of Service (Franklin B. McBurney) | 11/17/16 |
| 8 | Docket Entry 8, Entry of Service (John C. McBurney) | 11/17/16 |
| 9 | Docket Entry 9, Leave of Absence | 11/28/16 |
| 10 | Docket Entry 10, Certificate of Service of Discovery | 11/28/16 |
| 11 | Answer, Filed in State Court on 12/16/16 | 12/16/16 |
| 12 | Partial Motion to Dismiss, Filed in State Court on 12/16/16 | 12/16/16 |

SUPERIOR | STATE | MAGISTRATE | PROBATE | JUVENILE | RECORDER'S     Thursday, December 15, 2016

CLERK OF SUPERIOR, STATE, & MAGISTRATE COURTS

# COUNTY OF GWINNETT

Select Language ▼

I'm looking for...

Courts & Judges          Case Search          Court Programs          Jury Services          Deeds | Land Records          About

▸ Home  ▸ Back to Search  ▸ Bullock Vs Mcburney Et Al

## Bullock Vs Mcburney Et Al

### Case Information

| | | | |
|---|---|---|---|
| Case Number: | 16-A-10492-1 | Filing Date: | Friday, October 14, 2016 |
| Case Type: | Superior Court General Civil | Disposition: | |
| Category: | Tort | Disposition Date: | |
| Court: | Superior Court Civil | Disposition Manner: | |
| Filing Type: | Complaint | Official: | Judge George F Hutchinson III |

### Party Information

- Peter Bullock (**Plaintiff**)

- Nathaniel Carpenter (**Plaintiff**)

- Michael Culver (**Plaintiff**)

- Stephen Davis (**Plaintiff**)

- Richard Hammond (**Plaintiff**)

- William Hines (**Plaintiff**)

- Jackie Hendon (**Plaintiff**)

- Todd Kreunen (**Plaintiff**)

- Daniel Lightfoot (**Plaintiff**)

- Donnie Little (**Plaintiff**)

- Ronald Matkin (**Plaintiff**)

- Robert H Murphy (**Plaintiff**)

- James D Portwood (**Plaintiff**)

- John Sandmann (**Plaintiff**)

- James Sheppard (**Plaintiff**)

- Ray Wallace (**Plaintiff**)

- Willard B Mcburney (**Defendant**)

- John C Mcburney (**Defendant**)

- Franklin B Mcburney (**Defendant**)

1

- Mcburney Corporation (**Defendant**)

- Asset Recovery Associates Llc (**Defendant**)

- J Michael Cantrell (**Plaintiff**)

- Steven G Hill (**Attorney for Plaintiff**)
  Bar #: 354658, Tel: (770) 953-0995

- Julie Burke (**Attorney for Plaintiff**)
  Bar #: 448095, Tel: (770) 953-0995

- John Goselin (**Attorney for Defendant**)
  Bar #: 302917, Tel: (770) 818-1423

## Summonses

Summons No. 1602548
Issued to Mcburney Corporation. Sheriff Summons 10/14/2016. Service Date: 10/17/2016. Service On Corporation. Served Alisha Smith, Ra.

Summons No. 1604180
Issued to Franklin B Mcburney. Second Original Summons. Service Date: 10/30/2016. Personal Service. Alpharetta, Ga.

Summons No. 1604181
Issued to John C Mcburney. Second Original Summons. Service Date: 10/27/2016. Personal Service. Fulton Co. Shf.

## Documents

Document images may be obtained at the courthouse.

- 2016-10-14 - Summons ATTORNEY FOR PLAINTIFF

- 2016-10-14 - Complaint with Jury Demand ATTORNEY FOR PLAINTIFF

- 2016-10-14 - GEN CIVIL CASE FILING INFO FORM ATTORNEY FOR PLAINTIFF

- 2016-10-18 - SHERIFF'S ENTRY OF SERVICE MCBURNEY CORP SHERIFF

- 2016-10-31 - Summons ATTORNEY FOR PLAINTIFF

- 2016-11-17 - STIPULATION JOINT ATTORNEY FOR DEFENDANT

- 2016-11-17 - SHERIFF'S ENTRY OF SERVICE FRANKLIN B. MCBURNEY ATTORNEY FOR PLAINTIFF

- 2016-11-17 - SHERIFF'S ENTRY OF SERVICE JOHN C. MCBURNEY ATTORNEY FOR PLAINTIFF

- 2016-11-28 - ATTORNEY NOTICE OF LEAVE ABSENCE ATTORNEY FOR PLAINTIFF

- 2016-11-28 - CERTIFICATE OF SERVICE OF DISCOVRY ATTORNEY FOR PLAINTIFF

†Last updated on Dec 15 2016 7:42AM. ††The official court records are maintained by the Clerk of Court for Superior, State and Magistrate Courts and are available only from the office Monday thru Friday 8:00AM to 5:00PM.

Clerk of Courts
Board of Equalization
Court Programs
Superior Court
State Court
Magistrate Court
Probate Court
Juvenile Court
Recorder's Court
Gwinnett County Code of Ordinances
Courthouse History

Map & Directions
Parking
Inside GJAC
Phone Directory
Security
Site Map
Legal Disclaimer
Terms of Use
Legals

email: Web Administrator
phone: 770.822.8100
address: 75 Langley Drive
Lawrenceville, GA 30046

CLERK OF SUPERIOR, STATE, & MAGISTRATE COURTS

# COUNTY OF GWINNETT

Copyright © 2015- 2016 Gwinnett County Courts. All Rights Reserved.

FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA  2016 OCT 14  AM 11: 28

RICHARD ALEXANDER, CLERK

| | |
|---|---|
| PETER BULLOCK, | ) |
| J. MICHAEL CANTRELL, | ) |
| NATHANIEL CARPENTER, | ) |
| MICHAEL CULVER, STEPHEN DAVIS, | ) |
| RICHARD HAMMOND, WILLIAM HINES, | ) |
| JACKIE HENDON, TODD KREUNEN | ) |
| DANIEL LIGHTFOOT, DONNIE LITTLE, | ) |
| RONALD MATKIN, ROBERT H. MURPHY, | ) |
| JAMES D. PORTWOOD, | ) |
| JOHN SANDMANN, JAMES SHEPPARD, | ) |
| RAY WALLACE, | ) |

16A 10492-1

CIVIL ACTION

FILE NO. _____

Plaintiffs,

v.

WILLARD B. MCBURNEY, JOHN C.
MCBURNEY, FRANKLIN B.
MCBURNEY, THE MCBURNEY
CORPORATION, and ASSET RECOVERY
ASSOCIATES, LLC

Defendants.

**JURY TRIAL DEMANDED**

# JURY DEMAND

## COMPLAINT

COME NOW Plaintiffs Peter Bullock, J. Michael Cantrell, Nathaniel Carpenter, Michael Culver, Stephen Davis, Richard Hammond, Jackie Hendon, William Hines, Todd Kreunen, Daniel Lightfoot, Donnie Little, Ronald Matkin, Robert H. Murphy, James D. Portwood, John Sandmann, James Sheppard, Ray Wallace, (collectively "Plaintiffs") and hereby sue Defendants Willard B. McBurney, John C. McBurney, Franklin B. McBurney, The McBurney Corporation (the "Company") (collectively the "McBurney Defendants"), and Asset Recovery Associates, LLC, and in support state the following:

1

2

## INTRODUCTION

1.      The McBurney Corporation is a company that provided full service engineering, construction, and maintenance service orders to industrial steam and power industries. Plaintiffs are long-term employees of the Company, many having worked for the Company for more than twenty years. Despite their diligent and loyal service, the McBurney Corporation failed to pay Plaintiffs wages for their work in the spring and summer of 2016. Plaintiffs continued to labor for the McBurney Corporation without pay because of the deceptive acts and misrepresentations of the Company's three principals: Willard McBurney, John McBurney, and Franklin McBurney. Plaintiffs bring this action to recover the contractual damages due to them, the minimum wages due to them, and the damages owed as a result of McBurney Defendants' misrepresentations and pattern of racketeering activity.

## THE PLAINTIFFS

2.      Plaintiff Peter Bullock is a resident of the state of Georgia and is a former employee of the McBurney Corporation who worked for the Company from March 16, 2016 through June 29, 2016 without pay and is additionally owed accrued sick and vacation time and expenses.

3.      Plaintiff J. Michael Cantrell is a resident of the state of Georgia and is a former employee of the McBurney Corporation who worked for the Company from March 16, 2016 through July 15, 2016 without pay and is additionally owed accrued sick and vacation time, expenses, and commissions.

4.      Plaintiff Nathaniel Carpenter is a resident of the state of Alabama and is a former employee of the McBurney Corporation who worked for the Company from March 16, 2016 through June 5, 2016 without pay and is additionally owed accrued sick and vacation time, and

expenses. Further, the McBurney Corporation failed to pay Plaintiff Nathaniel Carpenter for his disability leave from June 6-29, 2016.

5.      Plaintiff Michael Culver is a resident of the state of Georgia and is a former employee of the McBurney Corporation who worked for the Company from March 16, 2016 through June 29, 2016 without pay and is additionally owed commissions as well as accrued sick and vacation time.

6.      Plaintiff Stephen Davis is a resident of the state of Georgia and is a former employee of the McBurney Corporation who worked for the Company from March 16, 2016 through June 29, 2016 without pay, except for $1,000 received in May, and is additionally owed accrued sick and vacation time as well as expenses.

7.      Plaintiff Richard Hammond is a resident of South Carolina and is a former employee of the McBurney Corporation who worked for the Company from March 16, 2016 to June 29, 2016 without pay and is additionally owed accrued sick and vacation time as well as expenses.

8.      Plaintiff Jackie Hendon is a resident of Texas and is a former employee of the McBurney Corporation who worked for the Company from March 16, 2016 through July 31, 2016 without pay and is additionally owed accrued sick and vacation time as well as expenses.

9.      Plaintiff William Hines is a resident of the state of Georgia and is a former employee of the McBurney Corporation who worked for the Company from March 16, 2016 through June 29, 2016 without pay and is additionally owed commissions, expenses, accrued sick time, and accrued vacation time.

10.     Plaintiff Todd Kreunen is a resident of the state of Georgia and is a former employee of the McBurney Corporation who worked for the Company from March 16, 2016

3

through June 29, 2016 without pay and is additionally owed expenses as well as accrued sick and vacation time.

11.  Plaintiff Daniel Lightfoot is a resident of the state of Alabama and is a former employee of the McBurney Corporation who worked for the Company from March 16, 2016 through June 29, 2016 without pay. Plaintiff Daniel Lightfoot is additionally owed expenses as well as accrued sick and vacation time.

12.  Plaintiff Donnie Little is a resident of the state of Florida and is a former employee of the McBurney Corporation who worked for the Company from April 2016 through July 29, 2016 without pay and is additionally owed expenses as well as accrued sick and vacation time.

13.  Plaintiff Ronald Matkin is a resident of the state of Arkansas and is a former employee of the McBurney Corporation who worked for the Company from March 16, 2016 through June 29, 2016 without pay and is additionally owed expenses as well as accrued sick and vacation time.

14.  Plaintiff Robert H. Murphy is a resident of the state of Georgia and is a former employee of the McBurney Corporation who worked for the Company from March 16, 2016 through June 29, 2016 without pay and is additionally owed expenses, commissions, and accrued sick and vacation time.

15.  Plaintiff James D. Portwood is a resident of the state of Alabama and is a former employee of the McBurney Corporation who worked for the Company from March 16, 2016 through June 29, 2016 without pay and is additionally owed expenses, and accrued sick and vacation time.

4

16.     Plaintiff John Sandmann is a resident of the state of Georgia and is a former employee of the McBurney Corporation who worked for the Company from March 16, 2016 through July 31, 2016 without pay, except for $3,000 received in July. Plaintiff John Sandmann is additionally owed expenses, and accrued sick and vacation time.

17.     Plaintiff James Sheppard is a resident of the state of Texas and is a former employee of the McBurney Corporation who worked for the Company from March 16, 2016 through July 31, 2016 without pay and is additionally owed expenses, and accrued sick and vacation time.

18.     Plaintiff Ray Wallace is a resident of the state of Georgia and is a former employee of the McBurney Corporation who worked for the Company from March 16, 2016 through July 15, 2016 without pay and is additionally owed expenses, and accrued sick and vacation time.

## THE DEFENDANTS

19.     The McBurney Corporation is a Georgia Corporation with its principal place of business located in Gwinnett County at 1650 International Court, Suite 100, Norcross, Georgia 30093. The McBurney Corporation may be served through its registered agent Corporation Service Company, which is located at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

20.     Franklin B. McBurney ("Blake McBurney") is the Chief Executive Officer of the McBurney Corporation. Blake McBurney may be served at his residence which upon information and belief is located in Fulton County at 2845 Arborwoods Dr., Alpharetta, GA 30022-5215.

5

21. John C. McBurney ("John McBurney") is the secretary of the McBurney Corporation. John McBurney may be served at his residence which upon information and belief is located in Fulton County at 10815 Avian Dr., Johns Creek, GA 30022-3318.

22. Willard B. McBurney ("Willard McBurney") is a founding officer of The McBurney Corporation who remains active in the day to day operations and decisions of the corporation. Willard McBurney may be served at his residence which upon information and belief is located in Dekalb County at 3918 E Brookhaven Dr. N.E., Brookhaven, GA 30319-2808.

23. Asset Recovery Associates, LLC is a Georgia limited liability company with its principal place of business located at 3155 Roswell Road, Suite #120, Atlanta, Georgia 30305. Asset Recovery Associates, LLC may be served via its registered agent Katie Goodman, who is located at 91 Lakeland Drive NE, Atlanta, Georgia 30305.

## JURISDICTION AND VENUE

24. This Court has personal jurisdiction over the Georgia resident Defendants. Subject matter jurisdiction and venue are proper in this Court.

## FACTS

25. The McBurney Corporation largely failed to pay Plaintiffs' wages from March of 2016 through June of 2016.

26. Plaintiff Cantrell, Plaintiff Hendon, Plaintiff Little, Plaintiff Portwood, Plaintiff Sheppard, and Plaintiff Wallace were not terminated until July 2016. Plaintiff Sandmann was not terminated until August 2016. The remaining Plaintiffs were terminated on June 29, 2016.

27. The Company's recent failure to pay its employees was not wholly inconsistent with its prior dealings. In fact, the McBurney Corporation has a history of requesting that its

6

employees take pay cuts during economically difficult times. However, in each prior case, the employees were assured by Willard McBurney, John McBurney, and Blake McBurney that the employees would be made whole. And, in each prior case, the McBurneys were good on their word.

28.     In 2015, Willard McBurney, John McBurney, and Blake McBurney became aware of the Company's dire financial conditions, but they were not forthcoming with Plaintiffs. Instead, McBurney Defendants engaged in a pattern of deception with the intention of encouraging Plaintiffs to continue to work when McBurney Defendants knew or reasonably should have known that the Company would not be able to compensate the Plaintiffs for their labor.

29.     During a May 2016 employee meeting, referred to as a shoptalk, McBurney Defendants announced to all Plaintiffs but Plaintiff Sheppard and Plaintiff Lightfoot that they negotiated a bridge loan in order to keep personnel paid until a potential and forthcoming merger. McBurney Defendants informed these Plaintiffs of the bridge loan, which they indicated enabled the Company to catch up on all overdue payroll in the coming weeks. This statement was knowingly false and deceptive, intended to induce reliance on the part of these Plaintiffs, to wit, to keep them working for free for the Company. McBurney Defendants, however, failed to disclose to these Plaintiffs was that it was impossible for the loan to cover all payroll. Willard McBurney, John McBurney, and Blake McBurney were present at meetings when this misrepresentation was made. Each of them ratified the foregoing false statement for the purpose of keeping the Plaintiffs working for free.

30.     While the Company was two months behind on payroll, McBurney Defendants also touted to all Plaintiffs a pending merger with CMI, a Belgian company, as a reason why

7

payroll would be made-up shortly. Specifically, the Company held a companywide meeting on May 16, 2016 to update Plaintiffs on the plans to merge with CMI.

31.     McBurney Defendants further promised all Plaintiffs improved medical insurance benefits and a forty-hour pay bonus when the CMI merger went through if they remained loyal employees and continued working. The foregoing statements were made by the McBurney Defendants to keep these Plaintiffs working for free. Plaintiff Carpenter was aware of the promise regarding improved benefits but not the forty-hour pay bonus.

32.     All Plaintiffs relied on McBurney Defendants' representations regarding the impending merger with CMI as a basis for continuing to work for the Company. This reliance was misplaced because McBurney Defendants misrepresented the status of the CMI merger to Plaintiffs.  Specifically, McBurney Defendants failed to timely inform Plaintiffs of concerns CMI expressed regarding the Company's history with asbestos, which the McBurney Defendants knew or should have known made the prospects for a CMI merger unlikely.

33.     Plaintiffs were not informed of CMI's asbestos concerns until early to mid-June, after the majority of Plaintiffs unpaid work was performed. When Plaintiffs were eventually told of CMI's asbestos concerns (very close to the time of their respective terminations), McBurney Defendants downplayed the issue and did not express that it was a serious issue, even though they simultaneously concealed information to the contrary. For example, McBurney Defendants informed Plaintiffs that the Company was involved in two cases that used asbestos. The first was in the 1970s and supposedly the scope of the Company's supply did not include areas where asbestos is typically found. For the second, the Company supposedly had an insurance policy and the Plaintiffs were told that there was no concern with respect to this case.

8

34.   During May and June 2016, McBurney Defendants provided continual updates on the status of the McBurney/CMI merger to all Plaintiffs except for Plaintiff Hendon. The updates were positive and the continual theme was that payroll was about to be caught up. However, the McBurney Defendants knew or reasonably should have known that this was not true. These statements were made as intentional misrepresentations meant to keep the Plaintiffs working for the Company for free.

35.   An additional way in which McBurney Defendants deceived Plaintiffs into continuing to work without pay was through making a series of knowingly false assurances regarding the issuance of payroll upon receipt of client payments.

36.   Specifically, in early June 2016 Plaintiff Cantrell, Plaintiff Carpenter, Plaintiff Culver, Plaintiff Davis, Plaintiff Hines, Plaintiff Kreunen, Plaintiff Little, Plaintiff Murphy, Plaintiff Portwood, Plaintiff Sandmann, and Plaintiff Wallace were told that payroll would be made in one week because payment had come in from Boise Cascade. It was told to Plaintiffs that there would be the one week delay in issuing payroll because the payment was received as a check instead of a wire transfer, and thus the funds were being held for a few days. The McBurney Defendants knew or should have known that these assurances were false and that the Company did not intend to make the payroll in question at the time the assurances were made. Again, the false assurances were made for the purpose of inducing the Plaintiffs to continue to work for free.

37.   Instead of issuing payroll as promised, on June 29, 2016, on the direction of the McBurney Defendants, The McBurney Corporation conducted a large layoff, terminating the majority of Plaintiffs' employment despite having not paid past due wages, past due expenses

9

incurred on behalf of the Company, past due commissions, or any accrued sick and vacation leave. The remaining Plaintiffs were terminated in the following weeks.

38.     Furthermore, the Company, under the control and direction of the McBurney Defendants, intentionally converted monies of Plaintiff Carpenter, Plaintiff Davis, Plaintiff Hammond, Plaintiff Kreunen, Plaintiff Lightfoot, Plaintiff Little, Plaintiff Murphy, Plaintiff Sandmann, and Plaintiff Sheppard from the Company's retirement benefits program for the Company's own temporary use. None of the Plaintiffs were ever told about these actions and omissions of the McBurney Defendants.

39.     Overall, Plaintiffs were falsely and continuously assured all monies owed would be paid. Plaintiffs reasonably relied on the false statements, the concealment of material information, and deceptive conduct of the McBurney Defendants to their detriment.

40.     On August 30, 2016 the McBurney Corporation assigned its assets to Asset Recovery associates, LLC and filed a Deed of Assignment with the Clerk of the Gwinnett County Superior Court.

41.     Through a review of this Deed of Assignment, and its accompanying Exhibit A, which identifies the creditors, it is apparent that Defendant Willard McBurney and Defendant John McBurney seek to have the Company's assets sold off and the proceeds used to satisfy their secured liens in lieu of compensating the Plaintiffs' for their owed compensation, benefits, and expenses.

## COUNT I: GEORGIA CIVIL RICO

42.     Plaintiffs re-assert and re-allege the above allegations as though fully set forth herein.

43.    McBurney Defendants, individually and as a group, constitute an "enterprise" as defined in O.C.G.A. § 16-14-3(3).  The McBurney Defendants committed at least two predicate acts of racketeering activity against the Plaintiffs, as defined in O.C.G.A. § 16-14-3(5), including theft by deception (O.C.G.A. § 16-8-3), theft of services (O.C.G.A. § 16-8-5), as well as theft by conversion (O.C.G.A. § 16-8-4), by making false or misleading statements to encourage Plaintiffs to work for the Company when McBurney Defendants knew or reasonably should have known that the Plaintiffs would not be paid, by among other things:

    a.  Falsely assuring Plaintiffs' that payroll would be caught up with knowledge that such payments were unlikely to or would not be made (theft by deception and theft of services against Plaintiffs);

    b.  Falsely representing to Plaintiffs that a bridge loan permitted all back payroll to be issued while failing to disclose to Plaintiffs the material fact that the bridge loan was insufficient to cover the overdue payroll(theft by deception and theft of services against Plaintiffs);

    c.  Falsely representing that a merger with CMI would permit payroll to be made, while withholding material information which McBurney Defendants knew made any merger unlikely (theft by deception and theft of services against Plaintiffs);

    d.  Enticing Plaintiffs with a promised one-week pay bonus and improved healthcare when the supposed merger finalized, while withholding material information which McBurney Defendants knew made any merger unlikely (theft by deception and theft of services against Plaintiffs);

11

e. Taking and using certain Plaintiffs' 401(k) money to support the general operations of the Defendant without permission (theft by taking against Plaintiffs);

f. Failing to pay Georgia unemployment insurance tax and failing to disclose to Plaintiffs that said tax was not paid (theft by deception, theft of services and theft by taking against Plaintiff).

44.     McBurney Defendants have therefore engaged in at least two acts of racketeering activity in furtherance of one or more incidents, schemes, or transactions that have the same or similar intents (i.e., convincing Plaintiffs to continue working for free), results, accomplices, victims, or methods of commission or otherwise are interrelated by distinguishing characteristics and are not isolated incidents as defined in O.C.G.A. § 16-14-3(4)(A).

45.     The offenses were committed as part of a systematic and ongoing pattern over a number of months to deceptively encourage Plaintiffs to perform work for which McBurney Defendants' knew Plaintiffs would not be paid.

46.     McBurney Defendants, through a pattern of racketeering activity and proceeds derived therefrom, acquired or maintained, directly or indirectly, an interest in or control of an enterprise, and personal property including money, in violation of O.C.G.A. § 16-14-4(a).

47.     McBurney Defendants conducted or participated in, directly or indirectly, an enterprise through a pattern of racketeering in violation of O.C.G.A. § 16-14-4(b).

48.     McBurney Defendants conspired or endeavored to violate O.C.G.A. § 16-14-4(a) and (b) in violation of O.C.G.A. § 16-14-4(c).

49.     Defendants Willard McBurney, John McBurney, and Blake McBurney either positively or tacitly, arrived at a mutual understanding as to how they would accomplish an

12

unlawful pattern of racketeering activity. Defendants Willard McBurney, John McBurney, and Blake McBurney are therefore also members of a conspiracy to violate Georgia RICO, and are jointly and severally liable for acts of co-conspirators done in furtherance of the conspiracy.

50. Plaintiffs are entitled to three times their actual damages sustained, and punitive damages from the McBurney Defendants, pursuant to O.C.G.A. § 16-14-6(c). Plaintiffs are also entitled to recover attorneys' fees and costs of investigation and litigation reasonably incurred due to McBurney Defendants' violation of the Georgia R.I.C.O. statute pursuant to O.C.G.A. § 16-14-6(c).

51. Defendant John McBurney, Defendant Blake McBurney, and Defendant Willard McBurney should forfeit all of their interests, liens and other security agreements related to or with the Company pursuant to O.C.G.A. § 16-14-6(a)(1) authorizing the Court to, "[order] any defendant to divest himself or herself of any interest in any enterprise, real property, or personal property..."

52. Pursuant to OCGA 16-14-6(b), Plaintiffs request that this Court issue a temporary restraining order and/or preliminary injunction enjoining all Defendants from disposing of any assets received from the Company from March 15, 2016 through present and continuing into the future until a final determination on the merits.

COUNT II: VIOLATION OF THE FAIR LABOR STANDARDS ACT

53. Plaintiffs reassert and reallege the above allegations as though fully set forth herein.

54. Defendants Willard McBurney, John McBurney, and Blake McBurney are the owners, founders, and operators of The McBurney Corporation. Defendants Willard McBurney, John McBurney, and Blake McBurney ran the day-to-day corporate operations of The McBurney

13

Corporation for the relevant time period and were responsible for paying Plaintiffs' wages for the relevant time period.

55.   McBurney Defendants' business activities involve those to which the Fair Labor Standards Act applies, and McBurney Defendants are employers under the FLSA, 29 U.S.C. § 203.

56.   Specifically upon information and belief The McBurney Corporation is a covered employer under the FLSA under the FLSA, 29 USC § 203.

57.   Defendants Willard McBurney, John McBurney, and Blake McBurney are individually liable under the FLSA because as the owners, founders, and operators of the Company they controlled the Company's financial affairs and caused the Company to compensate Plaintiffs in violation of the FLSA.

58.   Specifically, Defendants Willard McBurney, John McBurney, and Blake McBurney exercised operational control over Plaintiffs' work activities by fully controlling all aspects of the Plaintiffs' pay, assignments, and job classification. Further, Defendants Willard McBurney's, John McBurney's, and Blake McBurney's interest in the Company and control over the Company's day-to-day functions evidences their role in causing the FLSA violation.

59.   At all relevant times, Defendants Willard McBurney, John McBurney, and Blake McBurney have been "employers" as defined in FSLA § 3(d), 29 U.S.C. § 203(d).

60.   At all times material hereto, Plaintiffs were "employees" of The McBurney Corporation as defined in FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1) because  during the relevant time Plaintiffs were "engaged in commerce" as employees of The McBurney Corporation as defined by the FLSA § 7(a)(1), 29 U.S.C. 207(a)(1).

14

61.    Plaintiffs are individually covered under the FLSA because Plaintiffs' work constitutes engagement in interstate commerce, or the production of goods for interstate or foreign commerce, including any closely related process or occupation directly essential to such production. McBurney Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the McBurney Defendants' business and the Plaintiffs' work for the McBurney Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the McBurney Defendants engaged in interstate commerce for the relevant time period because Plaintiffs' employment utilized telephone, facsimile machine, the U.S. mail, or a computer e-mail system to communicate with persons in another state and/or utilized the materials that are transported through interstate commerce prior to and/or subsequent to Plaintiffs' work with same. Plaintiffs' work for the McBurney Defendants was actually in and/or so closely related to the movement of commerce while they worked for the McBurney Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the McBurney Defendants.

62.    McBurney Defendants' policies and actions, as stated above, have caused Plaintiffs to be deprived of wages due to them during the relevant time.

63.    McBurney Defendants' policies and actions as stated above, constitute a violation of the FLSA, 29 U.S.C. 207, requiring minimum wage to be paid for all hours worked in a given week, and a violation of the regulations promulgated thereunder by the Department of Labor.

64.    McBurney Defendants willfully failed to pay Plaintiffs the minimum wage for their work during the relevant time and therefore willfully violated the FLSA.

15

65.   Under 29 U.S.C. 216(b), McBurney Defendants are liable to Plaintiffs in the amount of their unpaid wages, an additional amount as liquidated damages, and their reasonable attorneys' fees and costs of this action.

### COUNT III: VIOLATION OF THE GEORGIA MINIMUM WAGE LAW

66.   Plaintiffs reassert and reallege the above allegations as though fully set forth herein.

67.   The McBurney Corporation is a corporate employer bound by the Georgia Minimum Wage Law and obligated to pay all covered employees a minimum wage of not less than $5.15 per hour for each hour worked in its employment. O.C.G.A. § 34-4-3; O.C.G.A. § 34-4-3.1(a)(2).

68.   Plaintiffs allege that they are   covered employees under the Georgia Minimum Wage Law because they are individuals employed by The McBurney Corporation. O.C.G.A. § 34-4-3.1(a)(1); *Anderson v. S. Home Care Servs., Inc.*, 298 Ga. 175, 176, 780 S.E.2d 339, 340 (2015) (holding that employees fall within an FLSA exemption are not prohibited from receiving minimum wage compensation under the Georgia Minimum Wage Law) (Plaintiffs are also collectively referred to as "GWML Plaintiffs").

69.   Defendants John McBurney, and Blake McBurney were officers of the McBurney Corporation during the relevant time period. Defendants John McBurney, and Blake McBurney took part in the commission of the tortious violation of the Georgia Minimum Wage Law because each specifically directed and/or participated and/or cooperated in the failure to pay GWML Plaintiffs' wages during the relevant time. Therefore, Defendants John McBurney, and Blake McBurney are personally liable therefor. *See Dempsey v. Se. Indus. Contracting Co.*, 309 Ga.App. 140, 144 (2011).

16

70.     Defendants Willard McBurney, John McBurney, and Blake McBurney either positively or tacitly, arrived at a mutual understanding as to how they would accomplish a plan to fail to pay Plaintiffs the Georgia minimum wage. Defendants Willard McBurney, John McBurney, and Blake McBurney are members of a conspiracy to violate the GWML Plaintiffs' rights, and are jointly and severally liable for acts of co-conspirators done in furtherance of the conspiracy.

71.     McBurney Defendants violated the Georgia Minimum Wage Law by paying GWML Plaintiffs less than $5.15 per hour for each hour worked in The McBurney Corporation's employment.

72.     McBurney Defendants are civilly liable to GWML Plaintiffs pursuant to O.C.G.A. § 34-4-6, which provides a private cause of action to employees paid less than the minimum wage, and Georgia tort law.

73.     GWML Plaintiffs seek damages of the wages owed, liquidated damages, costs, and reasonable attorneys' fees as provided for in O.C.G.A. § 34-4-6.

## COUNT IV: COMPLAINT TO SET ASIDE ASSIGNMENT

74.     Plaintiffs reassert and reallege the above allegations as though fully set forth herein.

75.     Plaintiffs hereby move to set aside the assignment of the Company's assets to Asset Recovery Associates, LLC as described in the Deed Assignment filed with the Clerk of the Superior Court of Gwinnett County Georgia on August 30, 2016.

76.     The McBurney Corporation and Asset Recovery Associates, LLC the assignor and the assignee, respectively, are properly plead as parties to the count. O.C.G.A. § 18-2-56.

17

77.     Plaintiffs are all creditors listed and identified as holding both priority salary claims and unsecured claims without priority in Exhibit A to the Deed Assignment filed with the Clerk of the Superior Court of Gwinnett County Georgia on August 30, 2016.

78.     The Deed of Assignment also identifies Defendant Willard McBurney and Defendant John McBurney has holding secured claims, in addition to Defendant Willard McBurney, Defendant John McBurney, and Defendant Blake McBurney as holding unsecured claims. As shown above, the McBurneys are insiders of the Company who have approved and stand to benefit from the Deed of Assignment, and who have also victimized Plaintiffs through a pattern of racketeering activity with respect to the Company.

79.     Because these Defendants' collective entitlement to said money is at issue in this litigation, because the assets in question are assets of a racketeering enterprise, and because the Deed of Assignment represents an invalid conflict of interest transaction, among other things, pursuant to O.C.G.A. § 18-2-55, Plaintiffs hereby attack and move to set aside the assignment for the benefit of the creditors for the reasons presented herein, and further for all monies to be deposited into the registry of the Court or with a neutral receiver until the outcome of this litigation on the merits. Upon adjudication in favor of the Plaintiffs, the Court should direct the monies in question to be used to satisfy the Plaintiffs' claims.

## COUNT V: BREACH OF EMPLOYMENT CONTRACT

80.     Plaintiffs reassert and reallege the above allegations as though fully set forth herein.

81.     Plaintiffs and the McBurney Corporation formed an employment contract whereby the McBurney Corporation promised to pay all Plaintiffs an individual salary.

18

82.     The McBurney Corporation additionally formed an employment contract obligating the Company to pay Plaintiffs for their accrued vacation and sick time.

83.     Additionally, pursuant to the terms of their employment contract, the McBurney Corporation also promised to pay some Plaintiffs a commission and to reimburse them for expenses incurred and submitted on behalf of the McBurney Corporation.

84.     The McBurney Corporation also formed an employment contract obligating it to pay a one week salary bonus to loyal employees, who continued to work for the Company without pay.

85.     The McBurney Corporation breached said contracts by failing to pay wages, accrued sick and vacation benefits, not reimbursing expenses, failing to pay commissions owed, and failing to pay the forty-hour bonus.

86.     The Company's breach proximately damaged Plaintiffs in the amount of the full dollar value of each Plaintiffs' unpaid work time, vacation, sick leave, non-reimbursement for expenses, commissions owed, and the forty-hour bonus, plus interest.

## COUNT VI: UNJUST ENRICHMENT

87.     Plaintiffs reassert and reallege the above allegations as though fully set forth herein.

88.     In the alternative, and to the extent that the Court may find that no legal and binding employment contracts existed, by receiving the Plaintiffs' labor and services in addition to receiving payments from Plaintiffs (i.e. Plaintiffs incurring out of pocket expenses on behalf of McBurney Defendants) and not paying Plaintiffs despite assurances to the contrary, Plaintiff provided McBurney Defendants with valuable benefits for which McBurney Defendants agreed they would provide good and valuable consideration.

19

89.     By allowing Plaintiffs to continue to work and accepting the benefit of their labor, receiving payments from Plaintiffs (i.e. Plaintiffs incurring out of pocket expenses on behalf of McBurney Defendants), and not paying Plaintiffs despite assurances to the contrary, McBurney Defendants promised to pay no less than the fair and reasonable value of the benefits conferred to them by virtue of Plaintiff's unpaid work, in an amount to be determined at trial.

## COUNT VII: ATTORNEYS' FEES

90.     Plaintiffs adopt and re-allege the paragraphs above as if set out fully herein.

91.     McBurney Defendants have acted in bad faith, and caused Plaintiffs unnecessary trouble and expense as a result of their refusal to the pay the amounts owed pursuant to the terms of the employment contracts and due to their tortious conduct.

92.     Pursuant to O.C.G.A. § 13-6-11, Plaintiffs are entitled to recover their litigation expenses, including reasonable attorneys' fees, from McBurney Defendants on a joint and several basis, with such amounts to be proven at trial.

## COUNT VIII: PRE-JUDGMENT INTEREST

93.     Plaintiffs adopt and re-allege the paragraphs above as if set out fully herein.

94.     The entirety of the interest owed to Plaintiffs is liquidated by the terms of the contract and subject to a demand for payment within the meaning of O.C.G.A. § 7-4-15 and O.C.G.A. § 13-6-13.

95.     Pursuant to O.C.G.A. § 7-4-15, Plaintiffs are entitled to recover pre-judgment interest at the effective statutory rate on the unpaid balance from the time due until such amount is paid in full.

96.     The total amount of interest that Plaintiffs are entitled to recover pursuant to O.C.G.A. § 7-4-15 will be proven at trial.

20

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays this Court grant the following relief:

      a.     A trial by jury;

      b.     An award of damages due to the Plaintiffs;

      c.     That for the violations of the Georgia Civil RICO statute, Plaintiffs be awarded appropriate damages, including treble damages, interest, investigation costs, attorneys' fees, and expenses of litigation for the violations of law alleged herein.

      d.     That the Court award Plaintiffs liquidated damages for the violations of FLSA or Georgia Minimum Wage Law as alleged herein;

      e.     That this Court issue a permanent injunction against McBurney Defendants, prohibiting McBurney Defendants from further acting in violation of the FLSA or Georgia Minimum Wage Law;

      f.     That for the violations of the FLSA or Georgia Minimum Wage Law this Court award Plaintiffs their reasonable attorneys' fees, and expenses of litigation;

      g.     That the assignment of the Company's assets to Asset Recovery Associates, LLC be set aside and for all monies to be ordered to be deposited into the registry of the Court or with a neutral receiver until the outcome of this litigation on the merits;

      h.     That the Court award Plaintiffs their contractual damages plus interest;

      i.     That the Court alternatively award Plaintiffs no less than the fair and reasonable value of the benefits conferred to McBurney Defendants by virtue of Plaintiffs' unpaid work

      j.     That the Court award Plaintiffs' reasonable expenses and attorneys' fees pursuant to O.C.G.A. § 13-6-11.

      k.     Any and other such further relief this Court deems equitable and just.

Respectfully submitted this 14th day of October, 2016.

Steven G. Hill
Georgia Bar No. 354658
Julie Burke
Georgia Bar No. 448095
*Attorneys for Plaintiffs*

HILL, KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway, Suite 800
Atlanta, Georgia 30339
Tel:  770-953-0995
Fax:  770-953-1358

22

FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

## General Civil Case Filing Information Form (Non-Domestic) 2016 OCT 14 11:29

| Court | County Gwinnett | Date Filed 10-14-2016 |
|---|---|---|
| ☒ Superior | Docket # 16 A 10492-1 | RICHARD ALEXANDER, CLERK |
| ☐ State | | MM-DD-YYYY |

**Plaintiff(s)**

BULLOCK PETER
Last    First    Middle I.    Suffix Prefix    Maiden

CANTRELL MICHAEL  J.
Last    First    Middle I.    Suffix Prefix    Maiden

CARPENTER NATHANIEL
Last    First    Middle I.    Suffix Prefix    Maiden

CULVER MICHAEL
Last    First    Middle I.    Suffix Prefix    Maiden

No. of Plaintiffs __17__   (see next page)

**Defendant(s)**

MCBURNEY WILLARD B.
Last    First    Middle I.    Suffix Prefix    Maiden

MCBURNEY JOHN    C.
Last    First    Middle I.    Suffix Prefix    Maiden

MCBURNEY FRANKLIN B.
Last    First    Middle I.    Suffix Prefix    Maiden

THE MCBURNEY CORPORATION and

ASSET RECOVERY ASSOCIATES, LLC

No. of Defendants __5__

**Plaintiff/Petitioner's Attorney**       ☐ Pro Se

STEVEN    HILL    G.
Last    First    Middle I.    Suffix

Bar # __354658__

---

**Check Primary Type (Check only ONE)**

- ☐ Contract/Account
- ☐ Wills/Estate
- ☐ Real Property
- ☐ Dispossessory/Distress
- ☐ Presonal Property
- ☐ Equity
- ☐ Habeas Corpus
- ☐ Appeals, Reviews
- ☐ Post Judgement Garnishment, Attachment, or Other Relief
- ☐ Non-Domestic Contempt
- ☒ Tort (If tort, fill in right column)
- ☐ Other General Civil Specify _____

---

**If Tort is Case Type:**
**(Check no more than TWO)**

- ☐ Auto Accident
- ☐ Premises Liability
- ☐ Medical Malpractice
- ☐ Other Professional Negligence
- ☐ Product Liability
- ☐ Other Specify   GA CIVIL RICO

Are Punitive Damages Pleaded?  ☐ Yes  ☒ No

---

☒ I hereby certify that the documents in this filing (including attachments and exhibits) satisfy the requirements for redaction of personal or confidential information in O.C.G.A. 9-11-7.1

3

| Last | First | Middle I. | Suffix Prefix | Maiden |
|------|-------|-----------|---------------|--------|
| DAVIS | STEPHEN | | | |
| HAMMOND | RICHMOND | | | |
| HINES | WILLIAM | | | |
| HENDON | JACKIE | | | |
| KREUNEN | TODD | | | |
| LIGHTFOOT | DANIEL | | | |
| LITTLE | DONNIE | | | |
| MATKIN | RONALD | | | |
| MURPHY | ROBERT | H. | | |
| PORTWOOD | JAMES | D. | | |
| SANDMANN | JOHN | | | |
| SHEPPARD | JAMES | | | |
| WALLACE | RAY | | | |

Civil Action No _16A 10492-1_

Date Filed _10/14/16_

Magistrate Court ☐
Superior Court ☒
State Court ☐
Georgia, Gwinnett County

Attorney's Address

Pete Pollack, J Michael Cantrell, Nathaniel Gozansky,
Michael Culver, Stephen Davis, Richard Hammond,
William Himes, Jackie Hendon, Todd Krevana       Plaintiff

VS

William B McBurney, John C McBurney,
Franklin D McBurney, The McBurney Corp       Defendant

Name and Address of party to be served

_McBurney Corp c/o Corporation Service Co._
_40 Technology Parkway S. St 300_
_Norcross, GA 30092_

Garnishee

RECEIVED 2016 OCT 14 PM 2 55 CIVIL DIV GCSO

## Sheriff's Entry Of Service

**Personal** ☐
I have this day served the defendant _____ personally with a copy
of the within action and summons

**Notorious** ☐
I have this day served the defendant _____
a copy of the action and summons at his most notorious place of abode in this County
Delivered same into hands of _____ described as follows
age about _____ years weight about _____ pounds height about _____ feet and _____ inches domiciled at
the residence of defendant

**Corporation** ☒
Served the defendant _McBurney Corp_ a corporation
by leaving a copy of the within action and summons with _Alisha Smith, RA_
in charge of the office and place of doing business of said Corporation in this County

**Tack & Mail**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons

**Non Est** ☐
Diligent search made and defendant _____
not to be found in the jurisdiction of this Court

This _17_ day of _Oct_ 20 _16_

_Sgt N Calabrese_
Deputy
_Sgt N Calabrese_
Gwinnett County, Georgia _50598_

Sheriff Docket_____ Page_____

WHITE Clerk   CANARY Plaintiff / Attorney   PINK Defendant
SC-2 Rev 3 13

4

## IN THE SUPERIOR COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

PETER BULLOCK
NATHANIEL CARPENTER
MICHAEL CULVER
STEPHEN DAVIS
RICHARD HAMMOND
WILLIAM HINES
JACKIE HENDON

CIVIL ACTION
NUMBER   **16-A-10492-1**

PLAINTIFF

| ADDENDUM |

VS

WILLARD B MCBURNEY
JOHN C MCBURNEY
FRANKLIN B MCBURNEY
MCBURNEY CORPORATION
ASSET RECOVERY ASSOCIATES LLC

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT

You are hereby summoned and required to file with the Clerk of Said Court and serve upon the Plaintiff's attorney whose name and address is

JULIE BURKE
3350 RIVERWOOD PARKWAY SUITE 800
ATLANTA  GA  30339

an answer to the complaint which is herewith served upon you within 30 days after service of this summons upon you exclusive of the day of service  If you fail to do so judgment by default will be taken against you for the relief demanded in the complaint

This 31st day of October  2016

Richard T Alexander  Jr
Clerk of Superior Court

By _____
Deputy Clerk

5

## IN THE SUPERIOR COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**ADDENDUM TO SUMMONS**                    **16-A-10492-1**

Additional Plaintiffs

TODD KREUNEN                        DANIEL LIGHTFOOT
DONNIE LITTLE                       RONALD MATKIN
ROBERT H MURPHY                     JAMES D PORTWOOD
JOHN SANDMANN                       JAMES SHEPPARD
RAY WALLACE                         J MICHAEL CANTRELL





FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

2016 NOV 17 PM 1 56

RICHARD ALEXANDER CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

PETER BULLOCK,                              )
J MICHAEL CANTRELL,                         )
NATHANIEL CARPENTER,                        )
MICHAEL CULVER, STEPHEN DAVIS,              )
RICHARD HAMMOND, WILLIAM HINES, )          **CIVIL ACTION**
JACKIE HENDON, TODD KREUNEN                 )
DANIEL LIGHTFOOT, DONNIE LITTLE,  )        **FILE NO  16-A-10492-1**
RONALD MATKIN, ROBERT H MURPHY,)
JAMES D PORTWOOD,                           )
JOHN SANDMANN, JAMES SHEPPARD,  )
RAY WALLACE,                                )
                                            )
        Plaintiffs,                         )          **JURY TRIAL DEMANDED**
                                            )
                                            )
v                                           )
                                            )
                                            )
WILLARD B MCBURNEY, JOHN C                  )
MCBURNEY, FRANKLIN B                        )
MCBURNEY, THE MCBURNEY                      )
CORPORATION, and ASSET RECOVERY )
ASSOCIATES, LLC                             )
                                            )
        Defendants                          )

### JOINT STIPULATION

Plaintiffs Peter Bullock, J Michael Cantrell, Nathaniel Carpenter, Michael Culver, Stephen

Davis, Richard Hammond, Jackie Hendon, William Hines, Todd Kreunen, Daniel Lightfoot,

Donnie Little, Ronald Matkin, Robert H Murphy James D Portwood, John Sandmann, James

Sheppard, Ray Wallace, (collectively "Plaintiffs") along with Defendants Willard B McBurney,

John C McBurney, Franklin B McBurney, The McBurney Corporation, and Asset Recovery

Associates, LLC (collectively ' Defendants") stipulate to following

    1     Pursuant to O C G A § 9-10-73, Defendant Willard McBurney and Defendant

Asset Recovery Associates, LLL, by and through undersigned counsel, hereby acknowledge and



accept service of the Summons and Complaint in the above-captioned matter as of November 16, 2016, and hereby waive any and all further notice, service and issuance of process

2      Plaintiffs consent to an extension of time for all Defendants to respond to the Complaint, by answer or motion, through and including December 16, 2016

3      Plaintiffs and Defendants consent to the discovery period for all parties running from six months from the date on which the Joint Stipulation is filed

This 17th day of November, 2016

*John Goselin*                    NEP JB

John H  Goselin
Georgia Bar No  302917
*Attorney for Defendants*

Freeman Mathis & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Ga  30339-5948
T  770 818 1423
F  770 937 9960
jgoselin@fmglaw com

*Julie Burke*

Steven G  Hill
Georgia Bar No  354658
Julie Burke
Georgia Bar No  448095
*Attorneys for Plaintiffs*

HILL, KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway, Suite 800
Atlanta, Georgia  30339
T  (770) 953-0995
F  (770) 953-1358
sgh@hkw-law com

-2-



## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

PETER BULLOCK,                              )
J MICHAEL CANTRELL,                         )
NATHANIEL CARPENTER,                        )
MICHAEL CULVER, STEPHEN DAVIS,  )
RICHARD HAMMOND, WILLIAM HINES, )     **CIVIL ACTION FILE NO**
JACKIE HENDON, TODD KREUNEN        )     16 – A - 10492 - 1
DANIEL LIGHTFOOT, DONNIE LITTLE,  )
RONALD MATKIN, ROBERT H  MURPHY,)
JAMES D  PORTWOOD,                          )
JOHN SANDMANN, JAMES SHEPPARD,  )
RAY WALLACE,                                )
                                            )     **JURY TRIAL DEMANDED**
    Plaintiffs,                             )
                                            )
v                                           )
                                            )
WILLARD B  MCBURNEY, JOHN C         )
MCBURNEY, FRANKLIN B                     )
MCBURNEY, THE MCBURNEY               )
CORPORATION, and ASSET RECOVERY )
ASSOCIATES, LLC                          )
                                            )
    Defendants                              )

## CERTIFICATE OF SERVICE

This is to certify that I have this date caused to be served upon all counsel of record a true and correct copy of the within and foregoing **JOINT STIPULATION** was served upon all parties via U S  Mail, with proper postage, addressed as follows

John H  Goselin
Freeman Mathis & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Ga  30339-5948

This 17th day of November, 2016

Steven G  Hill
Georgia State Bar No  354658
Julie H  Burke
Georgia State Bar No  448095
**HILL, KERTSCHER & WHARTON LLP**

-3-

3350 Riverwood Parkway, Suite 800
Atlanta, Georgia 30339
(770) 953-0995
(770) 953-1358 Facsimile
sgh@hkw-law.com

Civil Action No ___16A-10492-1___

Date Filed ___10/14/2016___

Magistrate Court ☐
Superior Court ☒
State Court ☐
**Georgia, Gwinnett County**
Peter Bullock et al
_____

Attorney's Address
Steven G Hill
Hill, Kertscher & Wharton, LLP
3350 Riverwood Pkwy, STE 800
Atlanta, GA 30339

                                                    Plaintiff
                              VS
Willard B McBurney
John C McBurney
Franklin B McBurney
The McBurney Corporation
Asset Recovery Associates, LLC        **Defendant**

Name and Address of party to be served
FRANKLIN B MCBURNEY

@ 2845 Arborwoods Drive

Alpharetta, GA 30022-5215

### Sheriff's Entry Of Service

**Personal** ☐
I have this day served the defendant _Franklin McBurney_ personally with a copy
of the within action and summons

**Notorious** ☐
I have this day served the defendant _____ by leaving

a copy of the action and summons at his most notorious place of abode in this County

Delivered same into hands of _____ described as follows

age about _____ years weight about _____ pounds height about _____ feet and _____ inches domiciled at
the residence of defendant

**Corporation** ☐
Served the defendant _____ a corporation

by leaving a copy of the within action and summons with _____

in charge of the office and place of doing business of said Corporation in this County

**Tack & Mail**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the
premises designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States
Mail First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons with adequate
postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons

**Non Est** ☐
Diligent search made and defendant _____
not to be found in the jurisdiction of this Court

This ___30___ day of ___Oct___ 20 _16_

_____ Deputy

_____
Gwinnett County, Georgia

Sheriff Docket _____   Page _____

WHITE  Clerk      CANARY  Plaintiff / Attorney      PINK  Defendant

SC-2 Rev 3 13

7

Civil Action No. _16A-10492-1_

Date Filed _10/14/2016_

| | |
|---|---|
| Magistrate Court | ☐ |
| Superior Court | ☒ |
| State Court | ☐ |

**Georgia, Gwinnett County**
Peter Bullock et al

Attorney's Address
Steven G. Hill
Hill, Kertscher & Wharton, LLP
3350 Riverwood Pkwy, STE 800
Atlanta, GA 30339

=

Willard B. McBurney  VS   Plaintiff
John C. McBurney
Franklin B. McBurney
The McBurney Corporation
Asset Recovery Associates, LLC          Defendant

Name and Address of party to be served

JOHN C. MCBURNEY

10815 Avian Drive

Johns Creek, GA 30022-3318

RICHARD ALEXANDER

FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA
2016 NOV 17 PM 1:

## Sheriff's Entry Of Service

**Personal**

I have this day served the defendant _John C. McBurney_ personally with a copy
of the within action and summons

**Notorious**

☐ I have this day served the defendant _____ by leaving
a copy of the action and summons at his most notorious place of abode in this County

Delivered same into hands of _____ described as follows

age about _____ years weight about _____ pounds height about _____ feet and _____ inches domiciled at
the residence of defendant

**Corporation**

☐ Served the defendant _____ a corporation

by leaving a copy of the within action and summons with _____
in charge of the office and place of doing business of said Corporation in this County

**Tack & Mail**

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the
premises designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States
Mail First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons with adequate
postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons

**Non Est**

☐ Diligent search made and defendant _____
not to be found in the jurisdiction of this Court

This _27_ day of _Oct_ 20 _16_

_T. Sanders 2314_
**Deputy**

_Fulton_

Sheriff Docket _____ Page _____          Gwinnett County, Georgia

WHITE  Clerk          CANARY  Plaintiff / Attorney          PINK  Defendant

SC-2 Rev 3 13

**8**

To      All Judges  Clerk of Court, and Counsel of Record

From    Steven G  Hill

RE      Notice of Leave of Absence

Date    November 22, 2016

FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

16 NOV 28  PH 2: 07

RICHARD ALEXANDER. CLERK

## NOTICE OF LEAVE OF ABSENCE

COMES NOW, Steven G  Hill, and respectfully notifies all judges before whom he has cases pending  all affected clerks of court, and all opposing counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16

1       The period of leave during which time Applicant will be away from the practice of law is March 30, 2017 through April 8, 2017  The purpose of the leave is travel in connection with a family wedding

2       All affected judges and opposing counsel shall have ten days from the date of this Notice to object to it  If no objections are filed  the leave shall be granted

Respectfully submitted,

Steven G  Hill
Bar No  354658
3350 Riverwood Pkwy, Suite 800
Atlanta  GA 30339
(770) 953-0995

9

CERTIFICATE OF SERVICE

This is to certify that I have this date served a copy of the foregoing Notice of Leave of
Absence upon all judges, clerks and opposing counsel listed on the attached Exhibit A, by
depositing the same in the U S Mail with adequate postage affixed thereto

This 22nd day of November, 2016

Steven G Hill

## EXHIBIT A

| Case | Judge | Opposing Counsel |
|---|---|---|
| Alpha Comm v Burruss<br>Case No 16-cv-000948-X | Honorable David Motes<br><br>Barrow County Superior Court | Theodore G Cassert<br>Fox Chandler, Homans,<br>Hikes & McKinnon LLP<br>PO Box 2515<br>Gainesville GA 30503 |
| Alpha Comm v Dunn et al<br>Case No 14-C-06294-S6 | Honorable John Doran<br><br>Gwinnett County State Court | Carlos Lopez<br>4471 Enfield Dr<br>Gainesville, GA 30506<br><br>M Khurram Baig<br>The Baig Firm<br>125 Lawrenceville St<br>Suite 120<br>Norcross GA 30071 |
| Bullock et al v McBurney et al<br>Case No 16A-10492-1 | Honorable George F Hutchinson, III<br><br>Gwinnett County Superior Court | John H Goselin<br>Freeman Mathis & Gary LLP<br>100 Galleria Parkway \|<br>Suite 1600 \| Atlanta Ga<br>30339-5948 |



FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

16 NOV 28 PM 2 38

RICHARD ALEXANDER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

PETER BULLOCK,                               )
J MICHAEL CANTRELL,                          )
NATHANIEL CARPENTER,                         )
MICHAEL CULVER, STEPHEN DAVIS,               )
RICHARD HAMMOND, WILLIAM HINES,              )   CIVIL ACTION FILE NO
JACKIE HENDON, TODD KREUNEN                  )   16 – A - 10492 - 1
DANIEL LIGHTFOOT, DONNIE LITTLE,             )
RONALD MATKIN, ROBERT H MURPHY,              )
JAMES D PORTWOOD,                            )
JOHN SANDMANN, JAMES SHEPPARD,               )
RAY WALLACE,                                 )
                                             )
        Plaintiffs,                          )   JURY TRIAL DEMANDED
                                             )
                                             )
v                                            )
                                             )
                                             )
WILLARD B MCBURNEY, JOHN C                   )
MCBURNEY, FRANKLIN B                         )
MCBURNEY, THE MCBURNEY                       )
CORPORATION, and ASSET RECOVERY             )
ASSOCIATES, LLC                              )
                                             )
        Defendants                           )

## RULE 5 2 CERTIFICATE OF SERVICE OF DISCOVERY

**COMES NOW** Plaintiffs herein above, by and through counsel, and pursuant to Georgia

Uniform Superior Court Rule 5 2(2) certifies that the following discovery pleadings were served

on the Defendant via US Mail on November 22, 2016

    1  Plaintiff's First Interrogatories to McBurney Defendants, and
    2  Plaintiff's First Request for Production of Documents to McBurney Defendants

Respectfully submitted this 22nd day of November, 2016

                                          *Julie Burke*
                                          Steven G Hill
                                   Georgia Bar No 354658
                                          Julie Burke

1

10

Georgia Bar No  448095
*Attorneys for Plaintiffs*

HILL, KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway
Suite 800
Atlanta, Georgia 30339
Tel   770-953-0995
Fax   770-953-1358

2

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

PETER BULLOCK,                          )
J  MICHAEL CANTRELL,                     )
NATHANIEL CARPENTER,                     )
MICHAEL CULVER, STEPHEN DAVIS,           )
RICHARD HAMMOND, WILLIAM HINES, )          CIVIL ACTION
JACKIE HENDON, TODD KREUNEN              )
DANIEL LIGHTFOOT, DONNIE LITTLE,  )        FILE NO  16 – A - 10492 - 1
RONALD MATKIN, ROBERT H  MURPHY,)
JAMES D  PORTWOOD,                       )
JOHN SANDMANN, JAMES SHEPPARD,  )
RAY WALLACE,                             )
                                         )          JURY TRIAL DEMANDED
        Plaintiffs,                      )
                                         )
v                                        )
                                         )
WILLARD B  MCBURNEY, JOHN C              )
MCBURNEY, FRANKLIN B                     )
MCBURNEY, THE MCBURNEY                   )
CORPORATION, and ASSET RECOVERY )
ASSOCIATES, LLC                          )
                                         )
        Defendants                       )

CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of November, 2016 I have served the forgoing
**RULE 5 2 CERTIFICATE OF SERVICE OF DISCOVERY** was served upon all parties via
U S  Mail, with proper postage, addressed as follows

John H  Goselin
Freeman Mathis & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Ga  30339-5948
jgoselin@fmglaw com

Steven G  Hill
Georgia Bar No  354658
Julie Burke
Georgia Bar No  448095
*Attorneys for Plaintiffs*

Hill, Kertscher & Wharton, LLP
3350 Riverwood Parkway, Suite 800

Atlanta, Georgia  30339
Telephone  (770) 953-0995



## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

PETER BULLOCK, J. MICHAEL CANTRELL,    )
NATHANIEL CARPENTER, MICHAEL           )
CULVER, STEPHEN DAVIS, RICHARD         )
HAMMOND, WILLIAM HINES, JACKIE         )
HENDON, TODD KREUNEN, DANIEL           )    Civil Action No.:
LIGHTFOOT, DONNIE LITTLE, RONALD       )    16A10492-1
MATKIN, ROBERT H. MURPHY, JAMES D.     )
PORTWOOD, JOHN SANDMANN, JAMES         )
SHEPPARD, RAY WALLACE,                 )
                                       )
     Plaintiff,                        )
                                       )    **JURY TRIAL**
v.                                     )    **DEMANDED**
                                       )
WILLARD B. MCBURNEY, JOHN C.           )
MCBURNEY, FRANKLIN B. MCBURNEY,        )
THE MCBURNEY CORPORATION, and          )
ASSET RECOVERY ASSOCIATES, LLC         )
                                       )
     Defendants.                       )

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS
## TO PLAINTIFFS' COMPLAINT

**COMES NOW** Defendants The McBurney Corporation, Asset Recovery Associates,

LLC, Willard B. McBurney, John C. McBurney and Franklin B. McBurney ("Defendants"), by

and through undersigned counsel, and files this, their Answer, Affirmative Defenses to Plaintiffs'

Complaint as follows:

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' Complaint and each cause of action therein fails to state a claim upon which

relief can be granted.

### SECOND DEFENSE

Plaintiffs have failed to mitigate their damages.

11

## THIRD DEFENSE

Any purported damages sustained by Plaintiffs are the result of acts or omissions of third persons over whom Defendants had neither control nor responsibility and/or by a superseding intervening cause.

## FOURTH DEFENSE

Plaintiffs' Complaint fails to state a claim for punitive, actual, special, exemplary, liquidated, and/or compensatory damages.

## FIFTH DEFENSE

To the extent Plaintiffs are entitled to any damages, such damages are subject to apportionment as provided for by applicable Georgia law.

## SIXTH DEFENSE

At all relevant times, Defendants acted in good faith toward the Plaintiffs and with regard to the issues and events contained in the Complaint.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands, waiver, recoupment, and/or estoppel.

## EIGHTH DEFENSE

Plaintiffs' claims may be barred for insufficiency of service of process or insufficiency of process.

## NINTH DEFENSE

Some or all of Plaintiffs' claims are barred by the applicable statute of limitations, including the failure to file the instant lawsuit within the time period required by the applicable statute.

## TENTH DEFENSE

Plaintiff's damages are limited to those remedies and those amounts provided for by the statute.

## ELEVENTH DEFENSE

Defendants' actions were in good faith in conformity with and in reliance on the written administrative regulations, orders, rulings, approvals, interpretations, and/or administrative practice or enforcement policy of the Wage and Hour Division of the Department of Labor.

## TWELVTH DEFENSE

The Defendants' actions were in good faith and they had a reasonable ground for believing that they were in compliance with the Fair Labor Standards Act.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred to the extent that they were exempt employees for purposes of the Fair Labor Standards Act.

## FOURTEENTH DEFENSE

Any claim under the Georgia Minimum Wage Law is barred to the extent that Defendants were an employer subject to the provisions of the Fair Labor Standards Act.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred to the extent that any alleged employment contract is barred by the statute of frauds.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred to the extent that any alleged employment contract was terminable at will.

### SEVENTEENTH DEFENSE

Plaintiffs' claims are barred to the extent that they have failed to plead their claims with the requisite particularity.

### EIGHTEENTH DEFENSE

Plaintiffs' claims are barred to the extent that any representations made to Plaintiffs by Defendants were non-actionable statements regarding future acts and/or expressions of opinion.

### NINETEENTH DEFENSE

Plaintiffs have failed to adequately plead the existence of a racketeering enterprise.

### TWENTIETH DEFENSE

Plaintiffs have failed to adequately plead the existence of two or more predicate acts.

### TWENTY-FIRST DEFENSE

Defendants reserve the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

### TWENTY-SECOND DEFENSE

Responding to the specific allegations contained in Plaintiffs' Complaint, Defendants answer as follows:

1.

Defendants admit that The McBurney Corporation was a company that provided full service engineering, construction, and maintenance service orders to industrial steam and power industries, and that Plaintiffs were long-term employees of the Company, some of whom worked for the Company for more than twenty years. Defendants deny the remaining allegations of paragraph 1.

4

2.

Defendants admit that Plaintiff Peter Bullock is a former employee of The McBurney Corporation and, upon information and belief, admit that Plaintiff Bullock is a resident of the state of Georgia.  Defendants further admit that Plaintiff Bullock's last day of employment was June 29, 2016 and that Plaintiff Bullock has a priority claim and an unsecured claim to the proceeds of  The McBurney Corporation estate and that Plaintiff Bullock is entitled to a distribution from  The McBurney Corporation estate for unpaid wages, expenses, accrued sick and vacation time in compliance with all applicable state and federal laws in the amount to be finally determined by the Administrator of the estate.   The Defendants deny the remaining allegations of Paragraph 2 of the Complaint.

3.

Defendants admit that Plaintiff J. Michael Cantrell is a former employee of  The McBurney Corporation and, upon information and belief, admit that Plaintiff Cantrell is a resident of the state of Georgia.  Defendants further admit that Plaintiff Cantrell's last day of employment was June 29, 2016 and that Plaintiff Cantrell has a priority claim and an unsecured claim to the proceeds of  The McBurney Corporation estate and that Plaintiff Cantrell is entitled to a distribution from The McBurney Corporation estate for unpaid wages, commissions, expenses, accrued sick and vacation time in compliance with all applicable state and federal laws in the amount to be finally determined by the Administrator of the estate.  The Defendants deny the remaining allegations of Paragraph 3 of the Complaint.

4.

Defendants admit that Plaintiff Nathaniel Carpenter is a former employee of  The McBurney Corporation and, upon information and belief, admit that Plaintiff Carpenter is a

resident of the state of Alabama. Defendants further admit that Plaintiff Carpenter's last day of employment was June 29, 2016 and that Plaintiff Carpenter has a priority claim and an unsecured claim to the proceeds of The McBurney Corporation estate and that Plaintiff Carpenter is entitled to a distribution from The McBurney Corporation estate for unpaid wages, expenses, accrued sick and vacation time in compliance with all applicable state and federal laws in the amount to be finally determined by the Administrator of the estate. The Defendants deny the remaining allegations of Paragraph 4 of the Complaint.

5.

Defendants admit that Plaintiff Michael Culver is a former employee of The McBurney Corporation and, upon information and belief, admit that Defendant Culver is a resident of the state of Georgia. Defendants further admit that Plaintiff Culver's last day of employment was June 29, 2016 and that Plaintiff Culver has a priority claim and an unsecured claim to the proceeds of The McBurney Corporation estate and that Plaintiff Culver is entitled to a distribution from The McBurney Corporation estate for unpaid wages, expenses, accrued sick and vacation time in compliance with all applicable state and federal laws in the amount to be finally determined by the Administrator of the estate. The Defendants specifically deny that Plaintiff Culver has any claim for unpaid commissions. The Defendants deny the remaining allegations of Paragraph 5 of the Complaint.

6.

Defendants admit that Plaintiff Stephen Davis is a former employee of The McBurney Corporation and, upon information and belief, admit that Defendant Davis is a resident of the state of Georgia. Defendants further admit that Plaintiff Davis's last day of employment was June 29, 2016 and that Plaintiff Davis has a priority claim and an unsecured claim to the

proceeds of  The McBurney Corporation estate and that Plaintiff Davis is entitled to a distribution from  The McBurney Corporation estate for unpaid wages, expenses, accrued sick and vacation time in compliance with all applicable state and federal laws in the amount to be finally determined by the Administrator of the estate.   The Defendants deny the remaining allegations of Paragraph 6 of the Complaint.

7.

Defendants admit that Plaintiff Richard Hammond is a former employee of The McBurney Corporation and, upon information and belief, admit that Plaintiff Hammond is a resident of South Carolina.   Defendants further admit that Plaintiff Hammond's last day of employment was June 29, 2016 and that Plaintiff Hammond has a priority claim and an unsecured claim to the proceeds of  The McBurney Corporation estate and that Plaintiff Bullock is entitled to a distribution from  The McBurney Corporation estate for unpaid wages, expenses, accrued sick and vacation time in compliance with all applicable state and federal laws in the amount to be finally determined by the Administrator of the estate.   The Defendants deny the remaining allegations of Paragraph 7 of the Complaint.

8.

Defendants admit that Plaintiff Jackie Hendon is a former employee of The McBurney Corporation and, upon information and belief, admit that Plaintiff Hendon is a resident of Texas. Defendants further admit that Plaintiff Hendon's last day of employment was July 31, 2016 and that Plaintiff Hendon has a priority claim and an unsecured claim to the proceeds of The McBurney Corporation estate and that Plaintiff Hendon is entitled to a distribution from The McBurney Corporation estate for unpaid wages, expenses, accrued sick and vacation time in compliance with all applicable state and federal laws in the amount to be finally determined by

7

the Administrator of the estate.  The Defendants deny the remaining allegations of Paragraph 8 of the Complaint.

9.

Defendants admit that Plaintiff William Hines is a former employee of The McBurney Corporation and, upon information and belief, admit that Plaintiff Hines is a resident of the state of Georgia.  Defendants further admit that Plaintiff Hine's last day of employment was June 29, 2016 and that Plaintiff Hines has a priority claim and an unsecured claim to the proceeds of The McBurney Corporation estate and that Plaintiff Hines is entitled to a distribution from  The McBurney Corporation estate for unpaid wages, expenses, commissions, accrued sick and vacation time in compliance with all applicable state and federal laws in the amount to be finally determined by the Administrator of the estate.  The Defendants deny the remaining allegations of Paragraph 9 of the Complaint.

10.

Defendants admit that Plaintiff Todd Kreunen is a former employee of The McBurney Corporation and, upon information and belief, admit that Plaintiff Kreunen is a resident of the state of Georgia.  Defendants further admit that Plaintiff Kreunen's last day of employment was June 29, 2016 and that Plaintiff Kreunen has a priority claim and an unsecured claim to the proceeds of The McBurney Corporation estate and that Plaintiff Kreunen is entitled to a distribution from The McBurney Corporation estate for unpaid wages, expenses, accrued sick and vacation time in compliance with all applicable state and federal laws in the amount to be finally determined by the Administrator of the estate.  The Defendants deny the remaining allegations of Paragraph 10 of the Complaint.

11.

Defendants admit that Plaintiff Daniel Lightfoot is a former employee of The McBurney Corporation and, upon information and belief, admit that Plaintiff Lightfoot is a resident of the state of Alabama. Defendants further admit that Plaintiff Lightfoot's last day of employment was June 29, 2016 and that Plaintiff Lightfoot has a priority claim and an unsecured claim to the proceeds of The McBurney Corporation estate and that Plaintiff Lightfoot is entitled to a distribution from The McBurney Corporation estate for unpaid wages, expenses, commissions, accrued sick and vacation time in compliance with all applicable state and federal laws in the amount to be finally determined by the Administrator of the estate. The Defendants deny the remaining allegations of Paragraph 11 of the Complaint.

12.

Defendants admit that Plaintiff Donnie Little is a former employee of The McBurney Corporation and, upon information and belief, admit that Plaintiff Little is a resident of the state of Florida. Defendants further admit that Plaintiff Little's last day of employment was July 31, 2016 and that Plaintiff Little has a priority claim and an unsecured claim to the proceeds of The McBurney Corporation estate and that Plaintiff Little is entitled to a distribution from The McBurney Corporation estate for unpaid wages, expenses, accrued sick and vacation time in compliance with all applicable state and federal laws in the amount to be finally determined by the Administrator of the estate. The Defendants deny the remaining allegations of Paragraph 12 of the Complaint.

13.

Defendants admit that Plaintiff Ronald Matkin is a former employee of The McBurney Corporation and, upon information and belief, admit that Plaintiff Matkin is a resident of the state

9

of Arkansas.  Defendants further admit that Plaintiff Matkin's last day of employment was June 29, 2016 and that Plaintiff Matkin has a priority claim and an unsecured claim to the proceeds of The McBurney Corporation estate and that Plaintiff Matkin is entitled to a distribution from The McBurney Corporation estate for unpaid wages, expenses, accrued sick and vacation time in compliance with all applicable state and federal laws in the amount to be finally determined by the Administrator of the estate.  The Defendants deny the remaining allegations of Paragraph 13 of the Complaint.

14.

Defendants admit that Plaintiff Robert H. Murphy is a former employee of The McBurney Corporation and, upon information and belief, admit that Plaintiff Murphy is a resident of the state of Georgia.  Defendants further admit that Plaintiff Murphy's last day of employment was June 29, 2016 and that Plaintiff Murphy has a priority claim and an unsecured claim to the proceeds of The McBurney Corporation estate and that Plaintiff Murphy is entitled to a distribution from The McBurney Corporation estate for unpaid wages, expenses, commissions, accrued sick and vacation time in compliance with all applicable state and federal laws in the amount to be finally determined by the Administrator of the estate.  The Defendants deny the remaining allegations of Paragraph 14 of the Complaint.

15.

Defendants admit that Plaintiff James D. Portwood is a former employee of The McBurney Corporation and, upon information and belief, admit that Plaintiff Portwood is a resident of the state of Alabama.  Defendants further admit that Plaintiff Portwood's last day of employment was July 31, 2016 and that Plaintiff Portwood has a priority claim and an unsecured claim to the proceeds of The McBurney Corporation estate and that Plaintiff Portwood is entitled

to a distribution from The McBurney Corporation estate for unpaid wages, expenses, accrued sick and vacation time in compliance with all applicable state and federal laws in the amount to be finally determined by the Administrator of the estate. The Defendants deny the remaining allegations of Paragraph 15 of the Complaint.

16.

Defendants admit that Plaintiff John Sandmann is a former employee of The McBurney Corporation and, upon information and belief, admit that Plaintiff Sandmann is a resident of the state of Georgia. Defendants further admit that Plaintiff Sandmann's last day of employment was July 31, 2016 and that Plaintiff Sandmann has a priority claim and an unsecured claim to the proceeds of The McBurney Corporation estate and that Plaintiff Sandmann is entitled to a distribution from The McBurney Corporation estate for unpaid wages, expenses, accrued sick and vacation time in compliance with all applicable state and federal laws in the amount to be finally determined by the Administrator of the estate. The Defendants deny the remaining allegations of Paragraph 16 of the Complaint.

17.

Defendants admit that Plaintiff James Sheppard is a former employee of The McBurney Corporation and, upon information and belief, admit that Plaintiff Sheppard is a resident of the state of Texas. Defendants further admit that Plaintiff Sheppard's last day of employment wasJuly 31, 2016, 2016 and that Plaintiff Sheppard has a priority claim and an unsecured claim to the proceeds of The McBurney Corporation estate and that Plaintiff Sheppard is entitled to a distribution from The McBurney Corporation estate for unpaid wages, expenses, accrued sick and vacation time in compliance with all applicable state and federal laws in the amount to be

finally determined by the Administrator of the estate.   The Defendants deny the remaining allegations of Paragraph 17 of the Complaint.

18.

Defendants admit that Plaintiff Ray Wallace is a former employee of The McBurney Corporation and, upon information and belief, admit that Plaintiff Wallace is a resident of the state of Georgia.  Defendants further admit that Plaintiff Wallace's last day of employment was July 15, 2016 and that Plaintiff Wallace has a priority claim and an unsecured claim to the proceeds of The McBurney Corporation estate and that Plaintiff Wallace is entitled to a distribution from The McBurney Corporation estate for unpaid wages, expenses, accrued sick and vacation time in compliance with all applicable state and federal laws in the amount to be finally determined by the Administrator of the estate.   The Defendants deny the remaining allegations of Paragraph 18 of the Complaint.

19.

Defendants admit the allegations contained in Paragraph 19.

20.

Defendants deny that Franklin B. McBurney ("Blake McBurney") held the title of Chief Executive Officer of The McBurney Corporation.  Defendants admit the remaining allegations of Paragraph 20.

21.

Defendants admit that John C. McBurney ("John McBurney") was the Secretary of The McBurney Corporation, but deny that the only officer title that John McBurney held.  Defendants admit the remaining allegations of paragraph 21.

12

22.

Defendants admit the allegations of Paragraph 22.

23.

Defendants admit the allegations of paragraph 23.

24.

Defendants admit the Superior Court of Gwinnett County, State of Georgia is a proper venue and has jurisdiction under Georgia law, but deny that this is the only Court that has jurisdiction in this matter. Defendants show that federal question jurisdiction exists pursuant to 28. U.S.C. §§ 1331, 1343, 1441(a) and 1446, and that Defendants are timely invoking their right to remove this matter to the United States District Court for the Northern District of Georgia.

25.

Defendants admit that certain individuals, including but not limited to the Plaintiffs in this lawsuit, have priority claims and unsecured claims to the proceeds of The McBurney Corporation estate and that certain individuals, including but not limited to the Plaintiffs in this lawsuit, are entitled to a distribution from The McBurney Corporation estate for unpaid wages, expenses, accrued sick and vacation time in compliance with all applicable state and federal laws in the amount to be finally determined by the Administrator of the estate. The Defendants deny the remaining allegations of Paragraph 25.

26.

Defendants deny that Plaintiff Sandmann was not terminated until August 2016. Defendants admit that Plaintiffs Cantrell, Hendon, Little, Portwood, Sheppard, and Wallace were terminated in July 2016 and that the remaining Plaintiffs were terminated on June 29, 2016. The Defendants deny the remaining the allegations of Paragraph 26 of the Complaint.

13

27.

Defendants admit that, on one prior occasion, Defendant The McBurney Corporation requested that employees agree to a reduction in the pay in an effort to avoid laying-off employees. Defendants deny the remaining allegations of Paragraph 27.

28.

Defendants deny the allegations of Paragraph 28.

29.

Defendants admit that on or about April 22, 2016, May 16, 2016 and May 19, 2016 meetings with employees of The McBurney Corporation, commonly referred to as "Shop Talks," occurred during which Blake McBurney and John McBurney disclosed to the employees the possibility that a European company (which was later disclosed as being CMI) might acquire The McBurney Corporation and further disclosed the possibility of obtaining two bridge loans from CMI until the proposed transaction closed. Defendants further state that at the May 19, 2016 meeting, representatives of CMI made a formal presentation to employees of The McBurney Corporation. Defendants deny the remaining allegations of Paragraph 29.

30.

Defendants admit that on or about April 22, 2016, May 16, 2016 and May 19, 2016 meetings with employees of The McBurney Corporation, commonly referred to as "Shop Talks," occurred during which Blake McBurney and John McBurney disclosed to the employees the possibility that a European company, which was identified as CMI on or about May 16, 2016, might acquire The McBurney Corporation and further disclosed the possibility of obtaining two bridge loans from CMI until the proposed transaction closed. Defendants further state that at the

14

May 19, 2016 meeting, representatives of CMI made a formal presentation to employees of The McBurney Corporation.   Defendants deny the remaining allegations of Paragraph 30.

31.

Defendants admit that on or about May 19, 2016, an HR manager of CMI made a presentation to the employees of The McBurney Corporation regarding the employee benefits, including medical insurance and the CMI 401K Plan, in which The McBurney Corporation employees would be entitled to participate if the proposed transaction between CMI and The McBurney Corporation was consummated.   The Defendants deny the remaining allegations of Paragraph 31.

32.

Defendants are without information sufficient to form a belief regarding what each Plaintiff believed, understood, thought or allegedly relied upon as a result of the Shop Talk meetings held on or about April 22, 2016, May 16, 2016 and/or May 19, 2016.  Defendants deny the remaining allegations of Paragraph 32.

33.

Defendants admit that in late May 2016 (after May 19, 2016) and early June 2016, CMI indicated that potential asbestos liability was a concern for CMI.  Defendants deny the remaining allegations of Paragraph 33.

34.

Defendants admit that during May and June 2016 employees of The McBurney Corporation received periodic updates regarding the progress of a potential transaction where CMI would acquire The McBurney Corporation.   The Defendants are without sufficient

knowledge or information to form a belief regarding what specific information was received by Plaintiff Hendon.   Defendants deny the remaining allegations of Paragraph 34.

35.

Defendants admit that weekly Cash Committee meetings and Shop Talk meetings provided information to The McBurney Corporation employees regarding the receipt of cash by The McBurney Corporation.  The Defendants deny the remaining allegations of Paragraph 35.

36.

Defendants admit that in June 2016 The McBurney Corporation received an order from Boise Cascade and that employees of the McBurney Corporation, including the Plaintiffs, were informed of the order during a Shop Talk meeting in June 2016 and were informed that The McBurney Corporation intended to use the funds from the Boise Cascade order to make one payroll.  Defendants further admit that the funds from Boise Cascade were received in late June 2016 by check and not by wire transfer and that after the check was deposited the majority of the funds were not available for use until several days after the deposit.   Defendants deny the remaining allegations of Paragraph 36.

37.

Defendants admit that The McBurney Corporation laid-off the majority of The McBurney Corporation employees on June 29, 2016, and that several employees, including Plaintiffs Bullock, Carpenter, Culver, Davis, Hammond, Hines, Kreunen, Lightfoot, Matkin, and Murphy, were terminated at that time.  Defendants further admit that the Plaintiffs have priority claims and unsecured claims to the proceeds of The McBurney Corporation estate and that the Plaintiffs are entitled to a distribution from The McBurney Corporation estate for unpaid wages, expenses, accrued sick and vacation time in compliance with all applicable state and federal laws in the

16

amount to be finally determined by the Administrator of the estate.   Defendants deny the remaining allegations of Paragraph 37.

38.

Defendants deny the allegations of Paragraph 38.

39.

Defendants deny the allegations of Paragraph 39.

40.

Defendants admit the allegations of Paragraph 40.

41.

Defendants state that the document identified, and its accompanying Exhibit A, speaks for itself as to its content.  Defendants admit the Plaintiffs have priority claims and unsecured claims to the proceeds of The McBurney Corporation estate and that Plaintiffs are entitled to a distribution from The McBurney Corporation estate for unpaid wages, expenses, accrued sick and vacation time in compliance with all applicable state and federal laws in the amount to be finally determined by the Administrator of the estate.  Defendants deny the remaining allegations of paragraph 41.

**COUNT I: GEORGIA CIVIL RICO**

42.

In response to the allegations of Paragraph 42 of the Complaint, Defendants hereby incorporate by reference their responses to Paragraphs 1 through 41 of the Complaint as if fully restated herein.

17

43.

Defendant Asset Recovery Associates, LLC states that Count I is not directed at Asset Recovery Associates, LLC and thus no response is required by Defendant Asset Recovery Associates, LLC.  To the extent Defendant Asset Recovery Associates, LLC is required to make any response, Defendant Asset Recovery Associates, LLC denies the allegations of Paragraph 43.

The McBurney Defendants deny the allegations contained in Paragraph 43, including subparts (a)-(f) therein.

44.

Defendant Asset Recovery Associates, LLC states that Count I is not directed at Asset Recovery Associates, LLC and thus no response is required by Defendant Asset Recovery Associates, LLC.  To the extent Defendant Asset Recovery Associates, LLC is required to make any response, Defendant Asset Recovery Associates, LLC denies the allegations of Paragraph 44.

The McBurney Defendants deny the allegations of Paragraph 44.

45.

Defendant Asset Recovery Associates, LLC states that Count I is not directed at Asset Recovery Associates, LLC and thus no response is required by Defendant Asset Recovery Associates, LLC.  To the extent Defendant Asset Recovery Associates, LLC is required to make any response, Defendant Asset Recovery Associates, LLC denies the allegations of Paragraph 45.

The McBurney Defendants deny the allegations of Paragraph 45.

46.

Defendant Asset Recovery Associates, LLC states that Count I is not directed at Asset Recovery Associates, LLC and thus no response is required by Defendant Asset Recovery

Associates, LLC.  To the extent Defendant Asset Recovery Associates, LLC is required to make any response, Defendant Asset Recovery Associates, LLC denies the allegations of Paragraph 46.

The McBurney Defendants deny the allegations of Paragraph 46.

47.

Defendant Asset Recovery Associates, LLC states that Count I is not directed at Asset Recovery Associates, LLC and thus no response is required by Defendant Asset Recovery Associates, LLC.  To the extent Defendant Asset Recovery Associates, LLC is required to make any response, Defendant Asset Recovery Associates, LLC denies the allegations of Paragraph 47.

The McBurney Defendants deny the allegations of Paragraph 47.

48.

Defendant Asset Recovery Associates, LLC states that Count I is not directed at Asset Recovery Associates, LLC and thus no response is required by Defendant Asset Recovery Associates, LLC.  To the extent Defendant Asset Recovery Associates, LLC is required to make any response, Defendant Asset Recovery Associates, LLC denies the allegations of Paragraph 48.

The McBurney Defendants deny the allegations of Paragraph 48.

49.

Defendant Asset Recovery Associates, LLC states that Count I is not directed at Asset Recovery Associates, LLC and thus no response is required by Defendant Asset Recovery Associates, LLC.  To the extent Defendant Asset Recovery Associates, LLC is required to make any response, Defendant Asset Recovery Associates, LLC denies the allegations of Paragraph 49.

The McBurney Defendants deny the allegations of Paragraph 49.

50.

Defendant Asset Recovery Associates, LLC states that Count I is not directed at Asset Recovery Associates, LLC and thus no response is required by Defendant Asset Recovery Associates, LLC.  To the extent Defendant Asset Recovery Associates, LLC is required to make any response, Defendant Asset Recovery Associates, LLC denies the allegations of Paragraph 50.

The McBurney Defendants deny the allegations of Paragraph 50.

51.

Defendant Asset Recovery Associates, LLC states that Count I is not directed at Asset Recovery Associates, LLC and thus no response is required by Defendant Asset Recovery Associates, LLC.  To the extent Defendant Asset Recovery Associates, LLC is required to make any response, Defendant Asset Recovery Associates, LLC denies the allegations of Paragraph 51.

The McBurney Defendants deny the allegations of Paragraph 51.

52.

Defendants state that Paragraph 52 does not contain a factual allegation that can either be admitted or denied.  To the extent any response to Paragraph 52 is required, Defendants deny the allegations of Paragraph 52.

## COUNT II: VIOLATION OF THE FAIR LABOR STANDARDS ACT

53.

In response to the allegations of paragraph 53 of the Complaint, Defendants hereby incorporate by reference their responses to paragraphs 1 through 52 of the Complaint as if fully restated herein.

54.

Defendant Asset Recovery Associates, LLC states that Count II is not directed at Asset Recovery Associates, LLC and thus no response is required by Defendant Asset Recovery Associates, LLC.

Defendants admit that Willard McBurney, John McBurney and Blake McBurney were the officers and directors of The McBurney Corporation. Defendants admit the Plaintiffs have priority claims and unsecured claims to the proceeds of The McBurney Corporation estate and that Plaintiffs are entitled to a distribution from The McBurney Corporation estate for unpaid wages, expenses, accrued sick and vacation time in compliance with all applicable state and federal laws in the amount to be finally determined by the Administrator of the estate. Defendants deny the remaining allegations of Paragraph 54.

55.

Defendant Asset Recovery Associates, LLC states that Count II is not directed at Asset Recovery Associates, LLC and thus no response is required by Defendant Asset Recovery Associates, LLC. To the extent Defendant Asset Recovery Associates, LLC is required to make any response, Defendant Asset Recovery Associates, LLC denies the allegations of Paragraph 55.

The McBurney Defendants admit the allegations of Paragraph 55.

56.

Defendant Asset Recovery Associates, LLC states that Count II is not directed at Asset Recovery Associates, LLC and thus no response is required by Defendant Asset Recovery Associates, LLC. To the extent Defendant Asset Recovery Associates, LLC is required to make any response, Defendant Asset Recovery Associates, LLC denies the allegations of Paragraph 56.

The McBurney Defendants admit the allegations of Paragraph 56.

57.

Defendant Asset Recovery Associates, LLC states that Count II is not directed at Asset Recovery Associates, LLC and thus no response is required by Defendant Asset Recovery Associates, LLC.  To the extent Defendant Asset Recovery Associates, LLC is required to make any response, Defendant Asset Recovery Associates, LLC denies the allegations of Paragraph 57.

The McBurney Defendants deny the allegations of Paragraph 57.

58.

Defendant Asset Recovery Associates, LLC states that Count II is not directed at Asset Recovery Associates, LLC and thus no response is required by Defendant Asset Recovery Associates, LLC.  To the extent Defendant Asset Recovery Associates, LLC is required to make any response, Defendant Asset Recovery Associates, LLC denies the allegations of Paragraph 58.

The McBurney Defendants deny the allegations of Paragraph 58.

59.

Defendant Asset Recovery Associates, LLC states that Count II is not directed at Asset Recovery Associates, LLC and thus no response is required by Defendant Asset Recovery Associates, LLC.  To the extent Defendant Asset Recovery Associates, LLC is required to make any response, Defendant Asset Recovery Associates, LLC denies the allegations of Paragraph 59.

The McBurney Defendants deny the allegations of Paragraph 59.

60.

Defendant Asset Recovery Associates, LLC states that Count II is not directed at Asset Recovery Associates, LLC and thus no response is required by Defendant Asset Recovery

Associates, LLC.  To the extent Defendant Asset Recovery Associates, LLC is required to make any response, Defendant Asset Recovery Associates, LLC denies the allegations of Paragraph 60.

The McBurney Defendants deny the allegations of Paragraph 60.

61.

Defendant Asset Recovery Associates, LLC states that Count II is not directed at Asset Recovery Associates, LLC and thus no response is required by Defendant Asset Recovery Associates, LLC.  To the extent Defendant Asset Recovery Associates, LLC is required to make any response, Defendant Asset Recovery Associates, LLC denies the allegations of Paragraph 61.

The McBurney Defendants state that Paragraph 61 states a legal conclusion to which no response is required.   To the extent any response is required, the McBurney Defendants admit that The McBurney Corporation engaged in interstate commerce, including the transportation of materials through interstate commerce, and that employees of The McBurney Corporation, including the Plaintiffs, utilized telephone, facsimile machine, the U.S. mail and/or computer email systems to communicate with persons in other states.  The McBurney Defendants deny the remaining allegations of Paragraph 61.

62.

Defendant Asset Recovery Associates, LLC states that Count II is not directed at Asset Recovery Associates, LLC and thus no response is required by Defendant Asset Recovery Associates, LLC.  To the extent Defendant Asset Recovery Associates, LLC is required to make any response, Defendant Asset Recovery Associates, LLC denies the allegations of Paragraph 62.

The McBurney Defendants deny the allegations of Paragraph 62.

23

63.

Defendant Asset Recovery Associates, LLC states that Count II is not directed at Asset Recovery Associates, LLC and thus no response is required by Defendant Asset Recovery Associates, LLC.  To the extent Defendant Asset Recovery Associates, LLC is required to make any response, Defendant Asset Recovery Associates, LLC denies the allegations of Paragraph 63.

The McBurney Defendants deny the allegations of Paragraph 63.

64.

Defendant Asset Recovery Associates, LLC states that Count II is not directed at Asset Recovery Associates, LLC and thus no response is required by Defendant Asset Recovery Associates, LLC.  To the extent Defendant Asset Recovery Associates, LLC is required to make any response, Defendant Asset Recovery Associates, LLC denies the allegations of Paragraph 64.

The McBurney Defendants deny the allegations of Paragraph 64.

65.

Defendant Asset Recovery Associates, LLC states that Count II is not directed at Asset Recovery Associates, LLC and thus no response is required by Defendant Asset Recovery Associates, LLC.  To the extent Defendant Asset Recovery Associates, LLC is required to make any response, Defendant Asset Recovery Associates, LLC denies the allegations of Paragraph 65.

The McBurney Defendants deny the allegations of Paragraph 65.

## COUNT III: VIOLATION OF THE GEORGIA MINIMUM WAGE LAW

66.

In response to the allegations of Paragraph 66 of the Complaint, Defendants hereby incorporate by reference their responses to Paragraphs 1 through 65 of the Complaint as if fully restated herein.

24

67.

Defendant Asset Recovery Associates, LLC states that Count III is not directed at Asset Recovery Associates, LLC and thus no response is required by Defendant Asset Recovery Associates, LLC.  To the extent Defendant Asset Recovery Associates, LLC is required to make any response, Defendant Asset Recovery Associates, LLC denies the allegations of Paragraph 67.

The McBurney Defendants deny the allegations of Paragraph 67.

68.

Defendant Asset Recovery Associates, LLC states that Count III is not directed at Asset Recovery Associates, LLC and thus no response is required by Defendant Asset Recovery Associates, LLC.  To the extent Defendant Asset Recovery Associates, LLC is required to make any response, Defendant Asset Recovery Associates, LLC denies the allegations of Paragraph 68.

The McBurney Defendants deny the allegations of Paragraph 68.

69.

Defendant Asset Recovery Associates, LLC states that Count III is not directed at Asset Recovery Associates, LLC and thus no response is required by Defendant Asset Recovery Associates, LLC.  To the extent Defendant Asset Recovery Associates, LLC is required to make any response, Defendant Asset Recovery Associates, LLC admit that John McBurney and Blake McBurney were officers of the McBurney Corporation during the relevant time period, but denies the allegations of Paragraph 69.

The McBurney Defendants admit that John McBurney and Blake McBurney were officers of the McBurney Corporation during the relevant time period.  Defendants deny the remaining allegations of Paragraph 69.

25

70.

Defendant Asset Recovery Associates, LLC states that Count III is not directed at Asset Recovery Associates, LLC and thus no response is required by Defendant Asset Recovery Associates, LLC.  To the extent Defendant Asset Recovery Associates, LLC is required to make any response, Defendant Asset Recovery Associates, LLC denies the allegations of Paragraph 70.

The McBurney Defendants deny the allegations of Paragraph 70.

71.

Defendant Asset Recovery Associates, LLC states that Count III is not directed at Asset Recovery Associates, LLC and thus no response is required by Defendant Asset Recovery Associates, LLC.  To the extent Defendant Asset Recovery Associates, LLC is required to make any response, Defendant Asset Recovery Associates, LLC denies the allegations of Paragraph 71.

The McBurney Defendants deny the allegations of Paragraph 71.

72.

Defendant Asset Recovery Associates, LLC states that Count III is not directed at Asset Recovery Associates, LLC and thus no response is required by Defendant Asset Recovery Associates, LLC.  To the extent Defendant Asset Recovery Associates, LLC is required to make any response, Defendant Asset Recovery Associates, LLC denies the allegations of Paragraph 72.

The McBurney Defendants deny the allegations of Paragraph 72.

73.

Defendants state that Paragraph 73 does not contain a factual allegation that can either be admitted or denied.  To the extent Paragraph 73 of the Compliant requires any response, the Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

26

## COUNT IV: COMPLAINT TO SET ASIDE ASSIGNMENT

74.

In response to the allegations of Paragraph 74 of the Complaint, Defendants hereby incorporate by reference their responses to Paragraphs 1 through 73 of the Complaint as if fully restated herein.

75.

Defendants state that paragraph 75 does not contain a factual allegation that can either be admitted or denied. To the extent Paragraph 75 of the Compliant requires any response, the Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

76.

Defendants admit that the McBurney Corporation made an assignment of all of its assets for the benefit of The McBurney Corporation's creditors to Asset Recovery Associates LLC on or about August 30, 2016. Defendants state that the remainder of Paragraph 76 constitutes a legal conclusion to which no response is required. To the extent Paragraph 76 of the Compliant requires any further response, the Defendants deny the remaining allegations of Paragraph 76.

77.

Defendants state that the document identified, and its accompanying Exhibit A, speaks for itself as to its content. Defendants admit the Plaintiffs have priority claims and unsecured claims without priority to the proceeds of The McBurney Corporation estate and that Plaintiffs are entitled to a distribution from The McBurney Corporation estate for unpaid wages, expenses, accrued sick and vacation time in compliance with all applicable state and federal laws in the amount to be finally determined by the Administrator of the estate. Defendants deny the remaining allegations of paragraph 77.

27

78.

Defendants state that the document identified, and its accompanying Exhibit A, speaks for itself as to its content. Defendants admit that Willard McBurney, John McBurney and Blake McBurney have secured and unsecured claims to the assets of The McBurney Corporation estate. Defendants deny the remaining allegations of paragraph 78.

79.

Defendants state that Paragraph 79 does not contain a factual allegation that can either be admitted or denied. To the extent Paragraph 79 of the Compliant requires any response, the Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## COUNT V: BREACH OF EMPLOYMENT CONTRACT

80.

In response to the allegations of Paragraph 80 of the Complaint, Defendants hereby incorporate by reference their responses to Paragraphs 1 through 79 of the Complaint as if fully restated herein.

81.

Defendant Asset Recovery Associates, LLC states that Count V is not directed at Asset Recovery Associates, LLC and thus no response is required by Defendant Asset Recovery Associates, LLC. To the extent Defendant Asset Recovery Associates, LLC is required to make any response, Defendant Asset Recovery Associates, LLC denies the allegations of Paragraph 81.

The McBurney Defendants deny the allegations of Paragraph 81.

82.

Defendant Asset Recovery Associates, LLC states that Count V is not directed at Asset Recovery Associates, LLC and thus no response is required by Defendant Asset Recovery

Associates, LLC.  To the extent Defendant Asset Recovery Associates, LLC is required to make any response, Defendant Asset Recovery Associates, LLC denies the allegations of Paragraph 82.

The McBurney Defendants deny the allegations of Paragraph 82.

83.

Defendant Asset Recovery Associates, LLC states that Count V is not directed at Asset Recovery Associates, LLC and thus no response is required by Defendant Asset Recovery Associates, LLC.  To the extent Defendant Asset Recovery Associates, LLC is required to make any response, Defendant Asset Recovery Associates, LLC denies the allegations of Paragraph 83.

The McBurney Defendants deny the allegations of Paragraph 83.

84.

Defendant Asset Recovery Associates, LLC states that Count V is not directed at Asset Recovery Associates, LLC and thus no response is required by Defendant Asset Recovery Associates, LLC.  To the extent Defendant Asset Recovery Associates, LLC is required to make any response, Defendant Asset Recovery Associates, LLC denies the allegations of Paragraph 84.

The McBurney Defendants deny the allegations of Paragraph 84.

85.

Defendant Asset Recovery Associates, LLC states that Count V is not directed at Asset Recovery Associates, LLC and thus no response is required by Defendant Asset Recovery Associates, LLC.  To the extent Defendant Asset Recovery Associates, LLC is required to make any response, Defendant Asset Recovery Associates, LLC denies the allegations of Paragraph 85.

The McBurney Defendants deny the allegations of Paragraph 85.

86.

Defendant Asset Recovery Associates, LLC states that Count I is not directed at Asset Recovery Associates, LLC and thus no response is required by Defendant Asset Recovery Associates, LLC. To the extent Defendant Asset Recovery Associates, LLC is required to make any response, Defendant Asset Recovery Associates, LLC denies the allegations of Paragraph 86.

The McBurney Defendants deny the allegations of Paragraph 86.

## COUNT VI: UNJUST ENRICHMENT

87.

In response to the allegations of Paragraph 87 of the Complaint, Defendants hereby incorporate by reference their responses to Paragraphs 1 through 86 of the Complaint as if fully restated herein.

88.

Defendants admit the Plaintiffs have priority claims and unsecured claims without priority to the proceeds of The McBurney Corporation estate and that Plaintiffs are entitled to a distribution from The McBurney Corporation estate for unpaid wages, expenses, accrued sick and vacation time in compliance with all applicable state and federal laws in the amount to be finally determined by the Administrator of the estate. Defendants deny the remaining allegations contained in Paragraph 88 as stated.

89.

Defendants admit the Plaintiffs have priority claims and unsecured claims without priority to the proceeds of The McBurney Corporation estate and that Plaintiffs are entitled to a distribution from The McBurney Corporation estate for unpaid wages, expenses, accrued sick and vacation time in compliance with all applicable state and federal laws in the amount to be

finally determined by the Administrator of the estate.  Defendants deny the remaining allegations of Paragraph 89.

## COUNT VII: ATTORNEYS' FEES

### 90.

In response to the allegations of Paragraph 90 of the Complaint, Defendants hereby incorporate by reference their responses to Paragraphs 1 through 89 of the Complaint as if fully restated herein.

### 91.

Defendant Asset Recovery Associates, LLC states that Count VII is not directed at Asset Recovery Associates, LLC and thus no response is required by Defendant Asset Recovery Associates, LLC.  To the extent Defendant Asset Recovery Associates, LLC is required to make any response, Defendant Asset Recovery Associates, LLC denies the allegations of Paragraph 91.

The McBurney Defendants deny the allegations of Paragraph 91.

### 92.

Defendant Asset Recovery Associates, LLC states that Count VII is not directed at Asset Recovery Associates, LLC and thus no response is required by Defendant Asset Recovery Associates, LLC.  To the extent Defendant Asset Recovery Associates, LLC is required to make any response, Defendant Asset Recovery Associates, LLC denies the allegations of Paragraph 92.

The McBurney Defendants deny the allegations of Paragraph 92.

## COUNT VIII: PRE-JUDGMENT INTEREST

93.

In response to the allegations of Paragraph 93 of the Complaint, Defendants hereby incorporate by reference their responses to Paragraphs 1 through 92 of the Complaint as if fully restated herein.

94.

Defendant Asset Recovery Associates, LLC states that Count VIII is not directed at Asset Recovery Associates, LLC and thus no response is required by Defendant Asset Recovery Associates, LLC. To the extent Defendant Asset Recovery Associates, LLC is required to make any response, Defendant Asset Recovery Associates, LLC denies the allegations of Paragraph 94.

The McBurney Defendants deny the allegations of Paragraph 94.

95.

Defendant Asset Recovery Associates, LLC states that Count VIII is not directed at Asset Recovery Associates, LLC and thus no response is required by Defendant Asset Recovery Associates, LLC. To the extent Defendant Asset Recovery Associates, LLC is required to make any response, Defendant Asset Recovery Associates, LLC denies the allegations of Paragraph 95.

The McBurney Defendants deny the allegations of Paragraph 95.

96.

Defendant Asset Recovery Associates, LLC states that Count VIII is not directed at Asset Recovery Associates, LLC and thus no response is required by Defendant Asset Recovery Associates, LLC. To the extent Defendant Asset Recovery Associates, LLC is required to make any response, Defendant Asset Recovery Associates, LLC denies the allegations of Paragraph 96.

The McBurney Defendants deny the allegations of paragraph 96.

97.

To the extent that any allegation of the Complaint has not been explicitly admitted, Defendants deny each and every other allegation of the Complaint.

98.

Defendants deny the entire Prayer for Relief contained in the Complaint.

**WHEREFORE,** having fully answered, Defendants request the Court grant relief as follows:

(a)    Enter judgment in favor of Defendants and against Plaintiffs with respect to all allegations and claims asserted in the Complaint;

(b)    Award Defendants costs and expenses incurred herein, including, but not limited to, their reasonable attorneys' fees and any costs;

(c)    Defendants demand a trial by jury as to all issues triable of right by a jury; and

(d)    Award Defendants such other and further relief as the Court may deem just and proper.

This 16th day of December, 2016.

FREEMAN MATHIS & GARY, LLP

John Goselin II
Georgia Bar No. 302917
Amanda Kunz Hall
Georgia Bar No. 142177

*Attorneys for Defendants*
*The McBurney Corporation, Asset Recovery*
*Associates, LLC, Willard B. McBurney, John C.*
*McBurney and Franklin B. McBurney*

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339
Telephone: 770-818-0000
Facsimile: 770-937-9960

33

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

PETER BULLOCK, J. MICHAEL CANTRELL,   )
NATHANIEL CARPENTER, MICHAEL          )
CULVER, STEPHEN DAVIS, RICHARD        )
HAMMOND, WILLIAM HINES, JACKIE        )
HENDON, TODD KREUNEN, DANIEL          )      Civil Action No.:
LIGHTFOOT, DONNIE LITTLE, RONALD      )      16A10492-1
MATKIN, ROBERT H. MURPHY, JAMES D.    )
PORTWOOD, JOHN SANDMANN, JAMES        )
SHEPPARD, RAY WALLACE,                )
                                      )
          Plaintiff,                  )
                                      )      JURY TRIAL
v.                                    )      DEMANDED
                                      )
WILLARD B. MCBURNEY, JOHN C.          )
MCBURNEY, FRANKLIN B. MCBURNEY,       )
THE MCBURNEY CORPORATION, and         )
ASSET RECOVERY ASSOCIATES, LLC        )
                                      )
          Defendants.                 )

<u>CERTIFICATE OF SERVICE</u>

I certify that I have electronically filed the foregoing **ANSWER AND AFFIRMATIVE**

**OF DEFENDANTS TO PLAINTIFFS' COMPLAINT** by depositing a true and correct copy

of same in the United States Mail, postage prepaid, properly addressed upon:

> <u>Counsel for Plaintiffs:</u>
> Steven G. Hill
> Julie Burke
> Hill, Kertscher & Wharton, LLP
> 3350 Riverwood Parkway
> Suite 800
> Atlanta, GA 30339

This 16th day of December, 2016.

FREEMAN MATHIS & GARY, LLP

John Goselin II
Georgia Bar No. 302917

*Attorney for Defendants*
*The McBurney Corporation, Asset Recovery*
*Associates, LLC, Willard B. McBurney, John C.*
*McBurney and Franklin B. McBurney*

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339
Telephone: 770-818-0000
Facsimile: 770-937-9960

35



COPY

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

PETER BULLOCK, J. MICHAEL CANTRELL,      )
NATHANIEL CARPENTER, MICHAEL             )
CULVER, STEPHEN DAVIS, RICHARD           )
HAMMOND, WILLIAM HINES, JACKIE           )
HENDON, TODD KREUNEN, DANIEL             )          Civil Action No.
LIGHTFOOT, DONNIE LITTLE, RONALD         )          16A10492-1
MATKIN, ROBERT H. MURPHY, JAMES D.       )
PORTWOOD, JOHN SANDMANN, JAMES           )
SHEPPARD, RAY WALLACE,                   )
                                         )
          Plaintiff,                     )
                                         )
v.                                       )
                                         )
WILLARD B. MCBURNEY, JOHN C.             )
MCBURNEY, FRANKLIN B. MCBURNEY,          )
THE MCBURNEY CORPORATION, and            )
ASSET RECOVERY ASSOCIATES, LLC           )
                                         )
          Defendants.                    )

## DEFENDANTS' PARTIAL MOTION TO DISMISS

Defendants Willard B. McBurney, John C. McBurney, Franklin B. McBurney, The McBurney Corporation, and Asset Recovery Associates, LLC (collectively, "Defendants"), by and through their undersigned counsel of record, hereby file this Partial Motion to Dismiss pursuant to O.C.G.A. § 9-11-12(b)(6). Even taking the allegations in Plaintiffs' Complaint as true, Plaintiffs fail to state a claim for relief under the Georgia Civil RICO Act, the Fair Labor Standards Act, the Georgia Minimum Wage Law, or for breach of any alleged employment contract. Additionally, Plaintiffs' separate Count for attorneys' fees should also be dismissed because O.C.G.A. § 13-6-11 does not provide a separate claim for relief. For these reasons, Defendants respectfully request that their Partial Motion to Dismiss be GRANTED and that these claims be DISMISSED with prejudice as a matter of law.

12

This _16th_ day of December, 2016.

John H. Goselin II
Georgia Bar No. 302917
Amanda Kunz Hall
Georgia Bar No. 142177

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
(770) 818-1288 (telephone)
(770) 937-9960 (facsimile)
jgoselin@fmglaw.com
ahall@fmglaw.com

*Attorneys for Defendants*

2

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

PETER BULLOCK, J. MICHAEL CANTRELL,      )
NATHANIEL CARPENTER, MICHAEL             )
CULVER, STEPHEN DAVIS, RICHARD           )
HAMMOND, WILLIAM HINES, JACKIE           )
HENDON, TODD KREUNEN, DANIEL             )      Civil Action No.:
LIGHTFOOT, DONNIE LITTLE, RONALD         )      16A10492-1
MATKIN, ROBERT H. MURPHY, JAMES D.       )
PORTWOOD, JOHN SANDMANN, JAMES           )
SHEPPARD, RAY WALLACE,                   )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )
                                         )
WILLARD B. MCBURNEY, JOHN C.             )
MCBURNEY, FRANKLIN B. MCBURNEY,          )
THE MCBURNEY CORPORATION, and            )
ASSET RECOVERY ASSOCIATES, LLC           )
                                         )
        Defendants.                      )

## CERTIFICATE OF SERVICE

I certify that I have served the foregoing DEFENDANTS' PARTIAL MOTION TO

DISMISS by depositing a true and correct copy of same in the United States Mail, postage

prepaid, properly addressed upon:

> Counsel for Plaintiffs:
> Steven G. Hill
> Julie Burke
> Hill, Kertscher & Wharton, LLP
> 3350 Riverwood Parkway
> Suite 800
> Atlanta, GA 30339

1

This 16th day of December, 2016.

FREEMAN MATHIS & GARY, LLP

Amanda Kunz Hall
Georgia Bar No. 142177

*Attorney for Defendants*

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339
Telephone: 770-818-0000
Facsimile: 770-937-9960

2