## AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement and Release") is made by and among Peter Bullock, J. Michael Cantrell, Nathaniel Carpenter, Michael Culver, Stephen Davis, Richard Hammond, Jackie Hendon, William Hines, Todd Kreunen, Daniel Lightfoot, Donnie Little, Ronald Matkin, Robert H. Murphy, James D. Portwood, John Sandmann, James Shepard, Ray Wallace (collectively "Plaintiffs"), and Willard B. McBurney, John C. McBurney, Franklin B. McBurney ("Blake McBurney), (collectively, "the McBurneys"), The McBurney Corporation, and Asset Recovery Associates, LLC ("ARA") (collectively the McBurneys, The McBurney Corporation and ARA are referred to as "Defendants"). As used throughout this Agreement and Release, "Plaintiffs" and "Defendants" are individually referred to as a "Party" and collectively referred to as the "Parties."

WHEREAS, Plaintiffs were former long-term employees of The McBurney Corporation;

WHEREAS, in 2016, the McBurneys unsuccessfully attempted to sell The McBurney Corporation to CMI, a Belgian Company;

WHEREAS, Plaintiffs worked for The McBurney Corporation for a period of approximately three months in the summer of 2016 without receiving full pay and/or reimbursement of expenses;

WHEREAS, on August 30, 2016, The McBurney Corporation executed a Deed of Assignment to Asset Recovery Associates, LLC;

WHEREAS, in its role as Assignee, ARA liquidated the assets of The McBurney Corporation and is responsible for making the distribution of the resulting cash to the creditors of The McBurney Corporation;

WHEREAS, Plaintiffs, Blake McBurney and John McBurney are Priority Claimants who submitted valid claims as required by the Deed of Assignment;

WHEREAS, John and Willard McBurney are Secured Creditors who submitted valid claims as required by the Deed of Assignment;

WHEREAS, Plaintiffs filed a lawsuit against Defendants in Gwinnett County Superior Court;

WHEREAS, Defendants removed the matter to the United States District Court, Northern District of Georgia;

WHEREAS, Defendants and Plaintiffs wish to settle and resolve all outstanding disputes relating to the deferred compensation and/or expenses of Plaintiffs; and

WHERAS, ARA, in its role as Assignee, and expressly because this Settlement Agreement has been reached, is prepared to make distributions from the estate of the McBurney Corporation for the benefit of the Plaintiffs, Blake McBurney, John McBurney and Willard McBurney;

NOW, THEREFORE, in consideration of the covenants and agreements set forth below and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1.    **Payment and Consideration:**

A.    Upon the execution of this Agreement and Release, ARA will promptly distribute the sum of Two Hundred Eighteen Thousand, Four Hundred Fifty Dollars and Zero Cents ($218,450.00) to the Trust Account of Freeman Mathis & Gary LLP and the confirmed amounts of the Secured and Priority Claims of Blake McBurney, John McBurney and Willard McBurney to each of them respectively.

B.    Upon the execution of this Agreement and Release, the insurance carrier for The McBurney Corporation shall issue a check in the amount of Forty-Six Thousand Dollars and Zero Cents ($46,000.00) payable to the Trust Account of Freeman, Mathis & Gary LLP for the purposes of effectuating this Settlement.

C.    Upon receipt of the funds from ARA, the McBurneys shall promptly cause the aggregate sum of One Hundred Seventy-Two Thousand Fifty Dollars and Zero Cents ($172,050.00) to be deposited into the Trust Account of Freeman, Mathis & Gary LLP.

D.    Upon receipt of the funds described in Paragraph A, B & C above, and within thirty (30) days of the Effective Date of this Agreement and Release (as provided for below), Freeman Mathis & Gary LLP shall distribute the aggregate sum of Four Hundred Thirty-Six Thousand Five Hundred Dollars and Zero Cents ($436,500.00) (the "Settlement Amount") payable to the Trust Fund of Hill, Kertscher & Wharton LLP.  The Settlement Amount shall be paid in three checks or wire transfers as follows:

i.     Two Hundred Seventy-Four Thousand Dollars and Zero Cents ($274,000.00) as back pay damages under the Fair Labor Standards Act ("FLSA") apportioned amongst the 17 Plaintiffs as set forth in Exhibit A;

ii.    Eighty-Five Thousand, Five Hundred Dollars and Zero Cents ($85,500.00) as expense reimbursement apportioned amongst the 17 Plaintiffs as set forth in Exhibit A;

iii.   Seventy-Seven Thousand Dollars and Zero Cents ($77,000.00) as attorney fees and expenses of litigation payable to the law firm of Hill, Kertscher &

Wharton, LLP.

E.      Plaintiffs acknowledge and agree that the payments set forth above representing unpaid wages fairly and fully compensate them for all wages allegedly owed to them by The McBurney Corporation, and that they constitute full and complete payment of any unpaid wages owed to Plaintiffs at the time of their execution of this Agreement and Release.

## 2.      **Motion to Approve Settlement:**

A.      In exchange for the consideration specified in Paragraph 1 and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Plaintiffs agree to knowingly and voluntarily dismiss their Complaint filed in Civil Action Number 1:16-cv-04633-RWS, which is presently pending in the United States District Court for the Northern District of Georgia against Defendants, with prejudice.

B.      Following their execution of this Agreement and Release, Plaintiffs and Defendants agree to jointly file in the Civil Action the Joint Motion to Approve Settlement Agreement and Dismiss Claims that is attached to this Agreement as Exhibit B (the "Joint Motion"), attaching thereto an executed copy of this Agreement and Release.  The Parties will cooperate and take all necessary steps to effectuate final judicial approval of the Joint Motion.

## 3.      **General Release:**

A.      In exchange for the consideration specified in Paragraph 1 and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Plaintiffs, on behalf of themselves and any present and former agents, counselors, attorneys in fact and in law, legal representatives, insurers, beneficiaries, heirs, principals, fiduciaries, executors, and administrators (collectively, "Plaintiffs Releasors"), agree to knowingly and voluntarily release and forever discharge (i) the McBurneys and any present and former agents, counselors, attorneys in fact and in law, legal representatives, insurers, heirs, principals, fiduciaries, executors, and administrators (collectively, "McBurney Releasees") (ii) The McBurney Corporation, its present and former officers, directors, employees, attorneys, legal representatives, insurers, heirs, executors and administrators (collectively, "McBurney Corporation Releasees"), and (iii) ARA, its present and former officers, directors, employees, attorneys, legal representatives, insurers, heirs, executors and administrators (collectively "ARA Releasees"), from any demands whatsoever, in law or equity, whether known or unknown, which Plaintiffs Releasors ever had, now have, or may or might have in the future against one or more of the McBurney Releasees, McBurney Corporation Releasees, and/or ARA Releasees, based on any acts, omissions, transactions, or occurrences whatsoever from the date of the beginning of the world to the Effective Date of this Agreement and Release, that arise by reason of or in any

way connected with, or which may be based in whole or in part on, or do or may arise out of or are or may be related to or with: (i) the Civil Action; (ii) any claim for unpaid wages, minimum wages, overtime or any other form of wages or compensation or reimbursement under the FLSA or any other federal, state, or local law; and (iii) any claims for attorneys' fees, costs or expenses pursuant to the FLSA or as otherwise may be allowed by law.

      B.     In exchange for the consideration specified in Paragraph 1 and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Defendants, on behalf of themselves and any present and former agents, counselors, attorneys in fact and in law, legal representatives, insurers, beneficiaries, heirs, principals, fiduciaries, executors, and administrators, and present and former officers, directors, employees, predecessor and successor firms, parents, subsidiaries, affiliates, assigns agents, and employees (collectively, "Defendants Releasors") agree to knowingly and voluntarily release and forever discharge the Plaintiffs, and any present and former agents, counselors, attorneys in fact and in law, legal representatives, insurers, beneficiaries, heirs, principals, fiduciaries, executors, and administrators (collectively, "Plaintiffs Releasees") from any demands whatsoever, in law or equity, whether known or unknown, which Defendant Releasors ever had, now has, or may or might have in the future against the Plaintiffs Releasees based on any acts, omissions, transactions, or occurrences whatsoever from the date of the beginning of the world to the Effective Date of this Agreement and Release, that arise by reason of or in any way connected with, or which may be based in whole or in part on, or do or may arise out of or are or may be related to or with: (i) the Civil Action; (ii) any claim for unpaid wages, minimum wages, overtime or any other form of wages or compensation or reimbursement under the FLSA or any other federal, state, or local law; and (iii) any claims for attorneys' fees, costs or expenses pursuant to the FLSA or as otherwise may be allowed by law.

      C.     Without limiting the generality of the foregoing, Defendants Releasors and Plaintiffs Releasors acknowledge that they have voluntarily relinquished, waived, and forever discharged any and all rights, damages, and remedies which might otherwise be available to each, including, without limitation, claims for contract or tort damages of any type or kind whatsoever.

      D.     It is further understood and agreed that this Agreement and Release and the payment made hereunder constitutes the full and final satisfaction of all claims of every nature, direct or indirect, against all persons, firms, or corporations, including those who are or might be held to be joint and/or successor tortfeasors, with any of the Parties released hereby, as well as those to whom any of the Parties released are, or may be held to be, liable by way of contribution or indemnity for the payment of all or any part of any claim arising out of, or directly or indirectly related to, the claims set forth in this Agreement and Release.

4. **Medicare Release:**

This settlement is based upon a good faith determination of the parties to resolve a disputed claim.  The parties have attempted to resolve this matter in compliance with both state and federal law, and it is believed that the settlement terms adequately consider and protect Medicare's interest and do not reflect any attempt to shift responsibility of past or future medical treatment to Medicare in contravention of 42 U.S.C. § 1395y(b).

The parties acknowledge and understand that any present or future action or decision by the Centers for Medicare & Medicaid Services ("CMS") on this settlement, or Plaintiffs' eligibility or entitlement to Medicare or Medicare benefits, will not render this release void or ineffective, or in any way affect the finality of this liability settlement.

5. **Covenant Not To Sue:**

Defendants and Plaintiffs further covenant and acknowledge that neither Party, nor any person, organization, or other entity acting on behalf of Defendants and Plaintiffs, has or will sue or cause or permit suit against the other party upon any claim released herein or to participate in any way in any suit or proceeding or to execute, seek to impose, collect, or recover upon or otherwise enforce or accept any judgment, decision, award, warranty, or attachment upon any claim released herein.

6. **Knowing Waiver:**

It is understood and agreed that this Agreement and Release is executed by Plaintiffs and Defendants knowingly and voluntarily and is not based upon any representations or statements of any kind by any person as to the merits, legal liabilities, or value of either Party's claims. Plaintiffs and Defendants also acknowledge that no promise or inducement has been offered or made except as set forth in this Agreement and Release.

7. **No Assignment:**

Defendants and Plaintiffs attest, certify, represent, and warrant to each other that neither Party has assigned, pledged, or otherwise in any manner whatsoever sold or transferred, either by instrument in writing or otherwise, any claim, cause of action, or other legal right of whatever kind and nature, which Defendants and Plaintiffs respectively have or may have by reason of the claims released herein.

8. **Effective Date:**

This Agreement shall become effective as of the date of the last signature below (the "Effective Date").

9. **Confidentiality and Non-Disparagement:**

A.      Defendants and Plaintiffs covenant that, except as required by law, neither Party will make any disclosure of any kind to any person or organization concerning the terms of this Agreement and Release, the settlement discussions leading up to this Agreement and Release, or the sums and benefits paid as consideration thereof.  Each Party to this Agreement and Release further agrees that they will not make any comments to any other person or persons or organization, including comments made on the Internet, whether through social media or otherwise, that are critical and/or derogatory in nature regarding the opposing party's person, character, work ethic, work product and/or business.  Each Party to this Agreement acknowledges that such criticism or comments constitute a material breach of this Agreement.

Nothing contained in this Agreement and Release, however, shall be construed to prevent either Party from testifying in response to a subpoena or disclosing the amount and terms of settlement to either Party's respective accountants, auditors, or attorneys reviewing either party's financial records or preparing tax returns, or reporting to tax authorities or to any regulatory agency.

Further, nothing in this paragraph or this Agreement and Release is intended to, nor shall it, prohibit either Party from providing testimony or information in any proceeding defined under 18 U.S.C. § 201, nor is it intended in any way to intimidate, coerce, deter, persuade, or compensate either Party with respect to providing, withholding, or restricting any communication whatsoever to any federal, state, or local investigator or otherwise to the extent prohibited under 18 U.S.C. §§ 201, 1503, 1512, or any similar or related provision of state or federal law.

B.      Each Party to this Agreement and Release covenants that, if it is subpoenaed or compelled to testify, or provides a written or oral statement of any kind to anyone regarding the Plaintiffs' claims for deferred compensation and/or expenses and/or the Agreement and General Release, the subpoenaed Party will give five (5) days written advance notice to other Party.

C.      Each Party to this Agreement and Release further covenants that, if any portion of this Agreement and Release becomes the subject of litigation, the Agreement and Release will be placed under seal before being filed in the public record and the Party or Parties participating in the litigation in which this Agreement and Release is a subject will take the necessary steps to assure the continued confidentiality of the terms of this Agreement and Release notwithstanding any dispute relating to its terms.

10.     **Successors and Assigns:**

This Agreement and Release shall be binding upon the McBurneys, The McBurney Corporation, ARA and Plaintiffs' heirs, executors, administrators, assigns, successors,

beneficiaries, employees, and agents, and shall inure to the benefit of each Party and their respective predecessors, successors, and assigns.

**11.    Non-Admission:**

The McBurneys, The McBurney Corporation, ARA and Plaintiffs acknowledge that the payment set forth herein does not constitute any admission of liability on the part of the McBurneys, The McBurney Corporation, ARA and Plaintiffs, by whom liability is expressly denied.  This Agreement and Release shall not be deemed an admission of liability or a violation of any law, rule, regulator, or order of any kind.

**12.    Miscellaneous:**

A.    Defendants and Plaintiffs acknowledge that, by signing this Agreement and General Release, each Party is giving up rights that it may otherwise have.  Defendants and Plaintiffs acknowledge that neither Party is obligated to sign this Agreement and Release.

B.    This Agreement and Release is executed with the full knowledge and understanding on the part of Defendants and Plaintiffs that there may be more serious consequences, which are not now known, and that any benefits conferred herein to Defendants and Plaintiffs in consideration of this Agreement and Release are accepted as final.  Defendants and Plaintiffs further agree and represent that it is within each Party's contemplation that each respective Party may have claims against the other Party of which, at the time of the execution of this Agreement and Release, Defendants or Plaintiffs have no knowledge or suspicion, but each Party agrees and represents, without affecting the generality of the foregoing paragraphs, that this Agreement and Release extends to all claims in any way based upon, connected with, or related to the matters described herein, whether or not known, claimed, or suspected by Defendants or Plaintiffs.

C.    Defendants and Plaintiffs agree to pay federal or state taxes – to the extent any are due – which are required by law to be paid with respect to this settlement.  Defendants and Plaintiffs acknowledge that neither Party has made any representation as to the tax consequences, if any, of this Agreement and Release to the opposing Party.

D.    In exchange for the consideration specified in Paragraph 1 and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Plaintiffs agree to knowingly and voluntarily release and forever discharge the McBurneys, The McBurney Corporation, ARA, all parent and affiliated companies, and any and all employees of these entities from any net income tax liability that may be incurred by Plaintiffs as a result of this Agreement and Release.

E.      This Agreement and Release may be executed in multiple counterparts and all counterparts shall constitute one agreement binding on each of the Parties hereto, regardless of whether each party hereto is a signatory to the same counterpart.

13.     **Entire Agreement:**

A.      This Agreement and Release constitutes the entire agreement between Defendants and Plaintiffs pertaining to those subjects contained in it, and it supersedes all prior and contemporaneous agreements, representations, and understandings.

B.      It is expressly understood and agreed that this Agreement and Release may not be altered, amended, modified, or otherwise changed in any respect or particular manner whatsoever except by a writing duly executed by authorized representatives of Defendants and Plaintiffs.

C.      In the event any portion of this Agreement is held to be legally invalid by a competent court of law, the invalid portion shall be stricken and all other obligations shall remain valid and mutually binding on the parties and not be affected thereby.

IN AGREEMENT HERETO, the parties set their hand and seal:


The McBurney Corporation                    Asset Recovery Associates LLC

W B McBurney                                _____

Title: Chairman                             Title: _____

Date: 28 June 2017                          Date: _____


Willard McBurney                            Peter Bullock

W B McBurney                                _____
Willard McBurney, Individually              Peter Bullock, Individually

Date: 28 June 2017                          Date: _____

E.      This Agreement and Release may be executed in multiple counterparts and all counterparts shall constitute one agreement binding on each of the Parties hereto, regardless of whether each party hereto is a signatory to the same counterpart.

13.     **Entire Agreement:**

A.      This Agreement and Release constitutes the entire agreement between Defendants and Plaintiffs pertaining to those subjects contained in it, and it supersedes all prior and contemporaneous agreements, representations, and understandings.

B.      It is expressly understood and agreed that this Agreement and Release may not be altered, amended, modified, or otherwise changed in any respect or particular manner whatsoever except by a writing duly executed by authorized representatives of Defendants and Plaintiffs.

C.      In the event any portion of this Agreement is held to be legally invalid by a competent court of law, the invalid portion shall be stricken and all other obligations shall remain valid and mutually binding on the parties and not be affected thereby.


IN AGREEMENT HERETO, the parties set their hand and seal:


The McBurney Corporation                    Asset Recovery Associates LLC

_____

Title: _____                      Title: __Manager__

Date: _____                       Date: __6/29/2017__


Willard McBurney                            Peter Bullock

_____                     _____
Willard McBurney, Individually              Peter Bullock, Individually

Date: _____                       Date: _____

E.     This Agreement and Release may be executed in multiple counterparts and all counterparts shall constitute one agreement binding on each of the Parties hereto, regardless of whether each party hereto is a signatory to the same counterpart.

13.     **Entire Agreement:**

A.     This Agreement and Release constitutes the entire agreement between Defendants and Plaintiffs pertaining to those subjects contained in it, and it supersedes all prior and contemporaneous agreements, representations, and understandings.

B.     It is expressly understood and agreed that this Agreement and Release may not be altered, amended, modified, or otherwise changed in any respect or particular manner whatsoever except by a writing duly executed by authorized representatives of Defendants and Plaintiffs.

C.     In the event any portion of this Agreement is held to be legally invalid by a competent court of law, the invalid portion shall be stricken and all other obligations shall remain valid and mutually binding on the parties and not be affected thereby.

IN AGREEMENT HERETO, the parties set their hand and seal:

The McBurney Corporation               Asset Recovery Associates LLC

_____                 _____

Title: _____                  Title: _____

Date: _____                   Date: _____

Willard McBurney                       Peter Bullock

_____                 _____

Willard McBurney, Individually         Peter Bullock, Individually

Date: _____                   Date: JUNE 28, 2017

John C. McBurney

John C. McBurney, Individually

Date: 28 JUNE 2017

J. Michael Cantrell

_____

J. Michael Cantrell, Individually

Date: _____

Franklin B. McBurney

_____

Franklin B. McBurney, Individually

Date: _____

Nathaniel Carpenter

_____

Nathaniel Carpenter, Individually

Date: _____

Michael Culver

_____

Michael Culver, Individually

Date: _____

Stephen Davis

_____

Stephen Davis, Individually

Date: _____

Richard Hammond

_____

Richard Hammond, Individually

Date: _____

Jackie Hendon

_____

Jackie Hendon, Individually

Date: _____

William Hines

_____

William Hines, Individually

Date: _____

Todd Kreunen

_____

Todd Kreunen, Individually

Date: _____

Daniel Lightfoot

_____

Daniel Lightfoot, Individually

Date: _____

Donnie Little

_____

Donnie Little, Individually

Date: _____

John C. McBurney

_____
John C. McBurney, Individually

Date: _____

Frank... McBurney

_____
Franklin B. McBurney, Individually

Date: 7/7/2017

Michael Culver

_____
Michael Culver, Individually

Date: _____

Richard Hammond

_____
Richard Hammond, Individually

Date: _____

William Hines

_____
William Hines, Individually

Date: _____

Daniel Lightfoot

_____
Daniel Lightfoot, Individually

Date: _____

J. Michael Cantrell

_____
J. Michael Cantrell, Individually

Date: _____

Nathaniel Carpenter

_____
Nathaniel Carpenter, Individually

Date: _____

Stephen Davis

_____
Stephen Davis, Individually

Date: _____

Jackie Hendon

_____
Jackie Hendon, Individually

Date: _____

Todd Kreunen

_____
Todd Kreunen, Individually

Date: _____

Donnie Little

_____
Donnie Little, Individually

Date: _____

John C. McBurney

_____
John C. McBurney, Individually

Date: _____

J. Michael Cantrell

_____
J. Michael Cantrell, Individually

Date: 7/10/17

Franklin B. McBurney

_____
Franklin B. McBurney, Individually

Date: _____

Nathaniel Carpenter

_____
Nathaniel Carpenter, Individually

Date: _____

Michael Culver

_____
Michael Culver, Individually

Date: _____

Stephen Davis

_____
Stephen Davis, Individually

Date: _____

Richard Hammond

_____
Richard Hammond, Individually

Date: _____

Jackie Hendon

_____
Jackie Hendon, Individually

Date: _____

William Hines

_____
William Hines, Individually

Date: _____

Todd Kreunen

_____
Todd Kreunen, Individually

Date: _____

Daniel Lightfoot

_____
Daniel Lightfoot, Individually

Date: _____

Donnie Little

_____
Donnie Little, Individually

Date: _____

Page 9 of 10

John C. McBurney

J. Michael Cantrell

_____
John C. McBurney, Individually

_____
J. Michael Cantrell, Individually

Date: _____

Date: _____

Franklin B. McBurney

Nathaniel Carpenter

_____
Franklin B. McBurney, Individually

*Nathaniel Carpenter*
Nathaniel Carpenter, Individually

Date: _____

Date: 7/10/17

Michael Culver

Stephen Davis

_____
Michael Culver, Individually

_____
Stephen Davis, Individually

Date: _____

Date: _____

Richard Hammond

Jackie Hendon

_____
Richard Hammond, Individually

*Jackie Hendon*
Jackie Hendon, Individually

Date: _____

Date: 7/10/17

William Hines

Todd Kreunen

*William Hines*
William Hines, Individually

*Todd Kreunen*
Todd Kreunen, Individually

Date: 7/10/17

Date: July 10, 2017

Daniel Lightfoot

Donnie Little

_____
Daniel Lightfoot, Individually

*Donnie Little*
Donnie Little, Individually

Date: _____

Date: July 10, 2017

Page 9 of 10

John C. McBurney

J. Michael Cantrell

_____
John C. McBurney, Individually

_____
J. Michael Cantrell, Individually

Date: _____

Date: _____

Franklin B. McBurney

Nathaniel Carpenter

_____
Franklin B. McBurney, Individually

_____
Nathaniel Carpenter, Individually

Date: _____

Date: _____

Michael Culver

Stephen Davis

_____
Michael Culver, Individually

_____
Stephen Davis, Individually

Date: _____6·28·17_____

Date: _____

Richard Hammond

Jackie Hendon

_____
Richard Hammond, Individually

_____
Jackie Hendon, Individually

Date: _____

Date: _____

William Hines

Todd Kreunen

_____
William Hines, Individually

_____
Todd Kreunen, Individually

Date: _____

Date: _____

Daniel Lightfoot

Donnie Little

_____
Daniel Lightfoot, Individually

_____
Donnie Little, Individually

Date: _____

Date: _____

John C. McBurney

_____
John C. McBurney, Individually

Date: _____

Franklin B. McBurney

_____
Franklin B. McBurney, Individually

Date: _____

Michael Culver

_____
Michael Culver, Individually

Date: _____

Richard Hammond

_____
Richard Hammond, Individually

Date: _____

William Hines

_____
William Hines, Individually

Date: _____

Daniel Lightfoot

_____
Daniel Lightfoot, Individually

Date: _____

J. Michael Cantrell

_____
J. Michael Cantrell, Individually

Date: _____

Nathaniel Carpenter

_____
Nathaniel Carpenter, Individually

Date: _____

Stephen Davis

_____
Stephen Davis, Individually

Date: 7 - 2 - 17

Jackie Hendon

_____
Jackie Hendon, Individually

Date: _____

Todd Kreunen

_____
Todd Kreunen, Individually

Date: _____

Donnie Little

_____
Donnie Little, Individually

Date: _____

John C. McBurney

_____
John C. McBurney, Individually

Date: _____

Franklin B. McBurney

_____
Franklin B. McBurney, Individually

Date: _____

Michael Culver

_____
Michael Culver, Individually

Date: _____

Richard Hammond

_____
Richard Hammond, Individually

Date: 6/28/17

William Hines

_____
William Hines, Individually

Date: _____

Daniel Lightfoot

_____
Daniel Lightfoot, Individually

Date: _____

J. Michael Cantrell

_____
J. Michael Cantrell, Individually

Date: _____

Nathaniel Carpenter

_____
Nathaniel Carpenter, Individually

Date: _____

Stephen Davis

_____
Stephen Davis, Individually

Date: _____

Jackie Hendon

_____
Jackie Hendon, Individually

Date: _____

Todd Kreunen

_____
Todd Kreunen, Individually

Date: _____

Donnie Little

_____
Donnie Little, Individually

Date: _____

John C. McBurney

J. Michael Cantrell

_____
John C. McBurney, Individually

_____
J. Michael Cantrell, Individually

Date: _____

Date: _____

Franklin B. McBurney

Nathaniel Carpenter

_____
Franklin B. McBurney, Individually

_____
Nathaniel Carpenter, Individually

Date: _____

Date: _____

Michael Culver

Stephen Davis

_____
Michael Culver, Individually

_____
Stephen Davis, Individually

Date: _____

Date: _____

Richard Hammond

Jackie Hendon

_____
Richard Hammond, Individually

_____
Jackie Hendon, Individually

Date: _____

Date: _____

William Hines

Todd Kreunen

_____
William Hines, Individually

_____
Todd Kreunen, Individually

Date: _____

Date: _____

Daniel Lightfoot

Donnie Little

_____
Daniel Lightfoot, Individually

_____
Donnie Little, Individually

Date: 6/30/17

Date: _____

Ronald Matkin

Ronald Matkin, Individually

Date: 6 - 29 - 2017

James D. Portwood

_____
James D. Portwood, Individually

Date: _____

James Shepard

_____
James Shepard, Individually

Date: _____

Robert H. Murphy

_____
Robert H. Murphy, Individually

Date: _____

John Sandmann

_____
John Sandmann, Individually

Date: _____

Ray Wallace

_____
Ray Wallace, Individually

Date: _____

Ronald Matkin

_____
Ronald Matkin, Individually

Date: _____

Robert H. Murphy

_____
Robert H. Murphy, Individually

Date: 6-27-2017

James D. Portwood

_____
James D. Portwood, Individually

Date: _____

John Sandmann

_____
John Sandmann, Individually

Date: _____

James Shepard

_____
James Shepard, Individually

Date: _____

Ray Wallace

_____
Ray Wallace, Individually

Date: _____

Ronald Matkin                                   Robert H. Murphy

_____                         _____
Ronald Matkin, Individually                     Robert H. Murphy, Individually

Date: _____                           Date: _____

James D. Portwood                               John Sandmann

_James Portwood_                                _____
James D. Portwood, Individually                 John Sandmann, Individually

Date: ___7/10/17___                             Date: _____

James Shepard    _James Shepard_                Ray Wallace

_____                         _____
James Shepard, Individually                     Ray Wallace, Individually

Date: __July 10, 2017__                         Date: _____

Ronald Matkin

_____
Ronald Matkin, Individually

Date: _____

James D. Portwood

_____
James D. Portwood, Individually

Date: _____

James Shepard

_____
James Shepard, Individually

Date: _____

Robert H. Murphy

_____
Robert H. Murphy, Individually

Date: _____

John Sandmann

_____
John Sandmann, Individually

Date: _____

Ray Wallace

_____
Ray Wallace, Individually

Date: _6/28/17_

# **EXHIBIT A**

*Bullock et al v. McBurney et al .*

| PLAINTIFF | WAGES | EXPENSES | TOTAL |
|---|---|---|---|
| Bullock, Peter | $9,604.32 | $724.00 | $10,328.32 |
| Cantrell, J. Michael | $28,276.82 | $3,588.00 | $31,864.82 |
| Carpenter, Nathaniel (Steve) | $10,771.14 | $8,951.00 | $19,722.14 |
| Culver, Michael | $14,797.47 | $0.00 | $14,797.47 |
| Davis, Stephen | $14,660.86 | $2,843.98 | $17,504.84 |
| Hammond, Rick | $13,721.44 | $948.54 | $14,669.98 |
| Hendon, Jackie | $17,877.80 | $4,447.43 | $22,325.23 |
| Hines, William | $17,016.99 | $2,273.00 | $19,289.99 |
| Kreunen, Todd | $16,456.86 | $674.00 | $17,130.86 |
| Lightfoot, Daniel | $13,555.24 | $8,792.00 | $22,347.24 |
| Little, Donnie | $12,241.05 | $3,910.00 | $16,151.05 |
| Matkin, Ronald | $12,121.08 | $6,632.00 | $18,753.08 |
| Murphy, Robert (Hayward) | $21,539.34 | $8,594.00 | $30,133.34 |
| Portwood, James (Dwayne) | $14,675.99 | $13,000.00 | $27,675.99 |
| Sandmann, John | $25,273.84 | $12,705.00 | $37,978.84 |
| Sheppard, James | $14,059.97 | $5,110.70 | $19,170.67 |
| Wallace, Ray | $17,349.77 | $2,303.00 | $19,652.77 |
| TOTAL ALL PLAINTIFFS | $274,000.00 | $85,496.65 | $359,496.65 |

# **EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PETER BULLOCK, J. MICHAEL | ) | |
| CANTRELL, NATHANIEL | ) | |
| CARPENTER, MICHAEL CULVER, | ) | |
| STEPHEN DAVIS, RICHARD | ) | |
| HAMMOND, WILLIAM HINES, | ) | |
| JACKIE HENDON, TODD KREUNEN, | ) | Civil Action No. |
| DANIEL LIGHTFOOT, DONNIE | ) | 1:16-CV-04633-RWS |
| LITTLE, RONALD MATKIN, | ) | |
| ROBERT H. MURPHY, JAMES D. | ) | |
| PORTWOOD, JOHN SANDMANN, | ) | |
| JAMES SHEPPARD, RAY WALLACE, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILLARD B. MCBURNEY, JOHN C. | ) | |
| MCBURNEY, FRANKLIN B. | ) | |
| MCBURNEY, THE MCBURNEY | ) | |
| CORPORATION, and ASSET | ) | |
| RECOVERY ASSOCIATES, LLC | ) | |
| | ) | |
|     Defendants. | ) | |

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND DISMISS CLAIMS AND MEMORANDUM OF LAW IN SUPPORT

COME NOW, Plaintiffs and Defendants, and respectfully submit this Joint

Motion to Approve Settlement Agreement and Dismiss Claims.  The parties have

reached a settlement agreement with respect to Plaintiffs' claims, including those for

1

unpaid wages under the Fair Labor Standards Act ("FLSA"), and now respectfully request that, pursuant to *Lynn Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the Court approve the Settlement Agreement and Release attached hereto as Exhibit A and dismiss with prejudice Plaintiffs' Complaint and this civil action in its entirety.  The Parties further stipulate that this Court shall retain jurisdiction to enforce the terms of the Settlement Agreement and Release reached by the Parties in connection with this action.

In *Lynn Food Stores*, the Eleventh Circuit set forth two ways in which claims under the FLSA may be settled or compromised by employees.  The first is through payment of wages supervised by the Secretary of Labor.  29 U.S.C. § 216(e); *Lynn Food Stores*, 679 F.2d at 1353.  The second is for private suit to be filed by employees and for the settlement to be reviewed and approved by the district court.  *Id.* at 1353-1354.  It is the second of these procedures that the parties are following in this case.

Here, Plaintiffs have asserted in their Complaint a claim for alleged unpaid wages in connection with their former employment with Defendant The McBurney Corporation.  During the litigation of this case, the parties engaged in discovery and engaged in settlement discussions based on their independent valuations of the case.  The parties recognize that there is a bona fide dispute among them regarding

2

the merits of Plaintiffs' claims, including the FLSA claim, but due to the expense and time associated with further litigation, as well as the risks associated with continued litigation, they have agreed to settle all the claims.  The parties have been represented by counsel throughout the negotiation of the Settlement Agreement and Release, and Plaintiffs have voluntarily released their claims, including the wage-related claims, against Defendants in exchange for sufficient consideration.  Plaintiffs are satisfied that the amount they are receiving represents a compromise of their claims for unpaid wages pursuant to the FLSA.

Counsel for Plaintiffs and Defendants represent that the settlement entered into by the parties was an arms-length compromise, and there was no collusion with regard to settlement of this matter.  Counsel for the parties also represent that the continuation of this litigation would necessitate further expense requiring additional expenditures of costs and attorneys' fees.  Counsel for Plaintiffs and Defendants agree that, in their respective opinions, the settlement is fair and reasonable under the circumstances.

WHEREFORE, the Parties respectfully request the Court approve the Settlement Agreement and Release, Exhibit A, executed by the parties and dismiss this action with prejudice.  Pursuant to this Court's Standing Order regarding Civil Litigation, the Settlement Agreement and Release is being provisionally filed

3

under seal on CM/ECF along with a contemporaneously-filed Joint Motion for

Leave to File Settlement Agreement and Release Under Seal, and is designated as

Exhibit A to this Motion.

A proposed Order is attached as Exhibit B for the Court's convenience.

Respectfully submitted this 12th day of July, 2017.

| | |
|---|---|
| /s/  John H. Goselin | /s/  Steven G. Hill |
| John H. Goselin | Steven G. Hill |
| Georgia Bar No. 302917 | Georgia Bar No. 354658 |
| Ze'eva R. Kushner | Julie H. Burke |
| Georgia Bar No. 430416 | Georgia Bar No. 448095 |
| | |
| Freeman Mathis & Gary, LLP | Hill, Kertscher & Wharton, LLP |
| 100 Galleria Parkway, Suite 1600 | 3350 Riverwood Parkway, Suite 800 |
| Atlanta, GA 30339-5946 | Atlanta, GA 30339 |
| 770-818-1423 | 770-953-0995 |
| jgoselin@fmglaw.com | sgh@hkw-law.com |
| | jb@hkw-law.com |
| | |
| *Attorneys for Defendants* | *Attorneys for Plaintiffs* |

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing ***JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND DISMISS CLAIMS AND MEMORANDUM OF LAW IN SUPPORT*** has been prepared in compliance with Local Rule 5.1B in 14-point Times New Roman type face.

This 12th day of July, 2017.

<u>*s/ Steven G. Hill*</u>
Counsel for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a true and correct copy of the foregoing ***JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND DISMISS CLAIMS AND MEMORANDUM OF LAW IN SUPPORT*** on counsel of record using the CM/ECF system which will automatically deliver notification of same to:

This 12th day of July, 2017.

<u>s/ Steven G. Hill</u>
Counsel for Plaintiffs